**SIGNED.**

**Dated: October 03, 2007**



_James M. Marlar_
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

In re:                                          ) Chapter 11
                                                )
FIRST MAGNUS FINANCIAL                          ) No. 4:07-bk-01578-JMM
CORPORATION,                                     )
                                                ) **MEMORANDUM DECISION RE:**
                                                )
_____Debtor._____  ) **SALE OF ASSETS**

## BACKGROUND

The court has been asked to approve a sale of assets on a shortened notice basis, consisting of (1) real property consisting of 29 separate parcels in 17 states; and (2) a package of construction loan note receivables and related instruments.  The price offered is $5,723,850.

The first element of the proposed sale assets consists of real estate.  The real estate alone is worth approximately $7.4 to $10.7 million, depending on whether one accepts the values from either the Debtor's schedules or the face amounts of the notes secured by each parcel.  Each parcel was acquired by the Debtor upon a foreclosure, when the respective note obligors defaulted.  No formal appraisals have been performed for any of the parcels, which perhaps would, with more precision, determine their values under current market conditions.

The second element of the sale package consists of a package several different construction loans. The package of construction loans includes 18 separate loans, of which 15 are current and three have

defaulted and have had the collateral securing them foreclosed upon. The outstanding note amounts total $10,737,880. Of that sum, $8,483,760 has been drawn down, or advanced, and the projects are in various stages of completion, for which future draws are expected. Of the package, the three foreclosed and defaulted loans total $1,265,229 of the $8.4 million advanced to date.

The Debtor is in a cash bind. Approximately three weeks ago, this court denied the Debtor's application to borrow working capital because, among other things, the cost of the borrowing was too dear. Now, in an effort to keep its liquidating chapter 11 alive, the Debtor needs to raise operating capital quickly. Hence, it seeks to sell these assets.

In order to do so, the Debtor has located Summit Investment Management, LLC ("Summit"), which is willing to purchase the assets (now slightly less than originally scheduled due to the sale of five of the real estate parcels) for $5,723,850. The assets were auctioned, but only Summit bid for them.

On paper, the assets which the Debtor seeks to sell for $5.7 million appear to be worth between:

$8,483.760          Construction Loan Package
$ 7,446,000 - 9,547.511          Real Property
$15,929,760 - 18,031,271

Thus, the price offered is approximately 31-35% of the book value of the assets. However, there exist numerous practical and/or legal impediments to a full realization of these book values.

As for the real estate, the parcels are spread among 17 states. Each piece would have to be listed (and commissions paid), with no guarantees of sale at market value, or sold at all in the current depressed real estate market, within a reasonable or predictable period of time; "carrying costs" would accrue, such as ongoing insurance and real property taxes; loss of use of the properties' monetary value while awaiting sales; and risk of loss due to casualty or vandalism.

With regards to the construction loan packages, the risks include the solvency of each borrower and the underlying value of any collateral securing the debt obligations. There may also be ongoing risk associated with whether the buyer would be required to advance upon the amounts not currently advanced on the notes (this point was neither clarified nor explained by the Debtor).

## THE PARTIES

As most of the sale assets mentioned above are apparently free of lien claims by other creditors, the value of these assets would appear to exist for the benefit of the unsecured creditors. For this reason, then, the court relies heavily upon the recommendations of the unsecured creditors' committee, and the United States Trustee's Office, to oversee and balance the optimism of a chapter 11 "debtor-in-possession." And, the court must also be cautious and skeptical of this Debtor-in-Possession's view of reality.

In this case, the court has concerns about the Debtor-in-Possession's management ability. This caution is due entirely to Debtor's pre-bankruptcy decision to keep its doors open, at the expense of some 5500 employees whom it chose not to pay when it knew that its business was in a fatal tail-spin. In the period before bankruptcy, the principals who once made the good decision to contribute personally when times got difficult, were nonetheless the same parties who had neither the compassion or courage to contribute their personal wealth to their own company, nor to more quickly close the doors before thousands of their own personnel were knowingly going to be hurt financially. In essence, in its final days, the principals rode the backs of their hard-working employees through the doors of the Bankruptcy Court. These parties are the same ones which the Bankruptcy Code has left in control as the "fiduciary" Debtor-in-Possession. To date, no one has moved for the appointment of an independent trustee. Now, the court and all of the creditors are asked to accept the "sound business judgment" of those same principals with regard to the current sale price of the assets, as well as the future course of this chapter 11. Before doing so, all must accept any proposed course of action with a healthy dose of salt.

## THE DECISION

As can be discerned, this court does not consider the business judgment of the Debtor's principals to be of much help. If anything, it is accorded little weight in the analysis. On the other hand, the court places great stock in the professionals who are assisting the Debtor in its efforts to maximize the liquidation effort. The court also sees a benefit coming from those rank and file employees who have

3

elected to stay on, and who are valiantly working through the mountains of files dropped on the Debtor's headquarters by its numerous field offices. (*See* Exhibit "A" to hearing of October 2, 2007.)

The court also considers, of great weight, the recommendations of the official creditors' committee, which had to quickly learn the basics of the Debtor's business and which daily must ask hard questions of the Debtor. Included also in the court's decision is the comfort taken in knowing that Debtor's chosen counsel are capable, hard-working, competent, caring, and trustworthy.

There were no objections to the sale. Many individuals, professional and lay alike, have contributed to the sale offer which they have collectively asked the court to approve. This case exists primarily to maximize assets for the benefit of the unsecured creditors. *See Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453, 199 S.Ct. 1411, 143 L.Ed.2d 607 (1999). The secured creditors can take care of themselves. There is no ongoing business to organize, and the sole goal of this chapter 11 process is an orderly liquidation in the hope that those on the bottom rungs can realize some dividend.

To the court's eye, the instant sale appears to be a bargain and the assets are going for a deep discount. The court's skepticism as to whether sufficient value is being obtained is magnified by the knowledge that the buyer is the same entity which, along with another, was party to the earlier attempt to lend money to the Debtor on terms which the court felt were too heavily weighted in the lender's favor. This court is not, in the least, critical of the buyer. It acknowledges that it is in business to make the best deal it can. At the same time, everyone knows that the Debtor is vulnerable and in no position to be as aggressive as it might otherwise be were it not openly liquidating.

To gain the cash to continue its liquidation, the Debtor must now fire-sale some of its assets. The unsecured creditors, who hope to be the ultimate beneficiaries of the ongoing liquidation strategies, are willing to accept the risk of keeping the reorganization alive, and they therefore endorse the sale. As the dust now begins to settle on this case, the court notes several significant and positive events: (1) a plan of liquidation will be filed on or before October 15, 2007; (2) the Debtor's overhead is being trimmed as positions are no longer needed; (3) a potential liability of approximately $1.1 billion has been resolved and eliminated; and (4) other assets appear to be in the process of being properly wound-down and liquidated.

4

The court is profoundly aware that there is much going on behind the scenes, and but for such effort, the progress made to date would falter. If all functionaries and professionals associated with this effort favor the sale, the court will not, this time, second-guess them.

### RULING

Accordingly, the Debtor's motion to sell the designated assets to Summit will be approved, as being in the best interests of the estate.

Counsel for the Debtor is requested to lodge a form of order as soon as practicable, but no later than the early afternoon of October 5, 2007.

DATED AND SIGNED ABOVE.

COPIES served as indicated below
on the date signed above.

| | |
|---|---|
| John R. Clemency (clemencyj@gtlaw.com)<br>Todd A. Burgess (burgesst@gtlaw.com)<br>Tajudeen O. Oladiran (oladirant@gtlaw.com)<br>Greenberg Traurig, LLP<br>2375 E. Camelback Rd., Suite 700<br>Phoenix, AZ 85016<br>Attorneys for Debtor | James P.S. Leshaw (leshawj@gtlaw.com)<br>Daniel Gold (goldd@gtlaw.com)<br>Greenberg Traurig, P.A.<br>1221 Brickell Ave.<br>Miami, FL 33131<br>Attorneys for Debtor |
| Rob Charles (Rcharles@LRLaw.com)<br>Lewis and Roca LLP<br>One South Church Ave., Suite 700<br>Tucson, AZ 85701-1611<br>Attorneys for Buyers under Mortgage Loan Repurchase Agreement | Susan M. Freeman (Sfreeman@LRLaw.com)<br>Lewis and Roca LLP<br>40 N. Central Ave.<br>Phoenix, AZ 85004-4429<br>Attorneys for Buyers under Mortgage Loan Repurchase Agreement |
| Andrew P. DeNatale (adenatale@whitecase.com)<br>Scott Greissman (sgreissman@whitecase.com)<br>White & Case LLP<br>1155 Avenue of the Americas<br>New York, NY 10036<br>Attorneys for Buyers under Mortgage Loan Repurchase Agreement | Philip R. Rudd (philip.rudd@kutakrock.com)<br>Ethan B. Minkin (ethan.minkin@kutakrock.com)<br>Kutak Rock LLP<br>8601 N. Scottsdale Rd., Suite 300<br>Scottsdale, AZ 85253-2742<br>Attorneys for JPMorgan Chase Bank, N.A. & Chase Equipment Leasing, Inc |

5

| | |
|---|---|
| Steven M. Cox (smcox@wechv.com)<br>Waterfall Economidis Caldwell Hanshaw & Villamana, P.C.<br>5210 E. Williams Cir., #800<br>Tucson, AZ 85711<br>Attorneys for WC Partners | Michael McGrath (mmcgrath@mcrazlaw.com)<br>Lowell E. Rothschild (lrothschild@mcrazlaw.com)<br>Mesch, Clark & Rothschild, P.C.<br>259 N. Meyer Ave.<br>Tucson, AZ 85701-1090<br>Attorneys for Washington Mutual Bank |
| Martin A. Sosland (martin.sosland@weil.com)<br>Weil, Gotshal & Manges<br>200 Crescent Court, Suite 300<br>Dallas, TX 75201<br>Attorneys for Washington Mutual Bank | German Yusufov (german.yusufov@pcao.pima.gov)<br>Terri A. Roberts (terri.roberts@pcao.pima.gov)<br>Deputy Pima County Attorneys<br>32 N. Stone Ave., Suite 2100<br>Tucson, AZ 85701 |
| Robert J. Miller (rjmiller@bryancave.com)<br>Bryce A. Suzuki (bryce.suzuki@bryancave.com)<br>Bryan Cave LLP<br>Two N. Central Ave., Suite 2200<br>Phoenix, AZ 85004-4406<br>Counsel for Countrywide Bank, Inc., Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Warehouse Lending, & Countrywide Securities Corporation | Richard D. Holper (rdh@lshlegal.com)<br>The Holper Law Group P.L.L.C.<br>16853 E. Palisades Blvd, Suite 201<br>Fountain Hills, AZ 85268<br>Attorneys for Randall Forsberg, Walter & Kelly Hall, DAC, Inc. |
| Timothy H. Barnes (tbarnes@bihlaw.com)<br>Brier, Irish, Hubbard & Erhart, P.L.C.<br>2400 E. Arizona Biltmore Circle, Suite 1300<br>Phoenix, AZ 85016-2115<br>Attorneys for United Insurance Company of America | Christopher H. Bayley (cbayley@swlaw.com)<br>Snell & Wilmer L.L.P.<br>One Arizona Center<br>400 E. Van Buren<br>Phoenix, AZ 85004-2202<br>Attorneys for Creditor First Magnus Capital, Inc. |
| Stephanie L. Cooper (Stephanie@ccfirm.com)<br>Michael W. Chen (Michael@ccfirm.com)<br>The Cooper Castle Law Firm<br>820 S. Valley View Blvd.<br>Las Vegas, NV 89 107<br>Attorney for The Cooper Castle Law Firm<br>fka the Cooper Christensen Law Firm, LLP | Jamie R. Welton (jrw@lhlaw.net)<br>Lackey Hershman, L.L.P.<br>3102 Oak Lawn Ave., Suite 777<br>Dallas, TX 75219<br>Attorneys for Pyro Brand Development, LLC and The Richards Group, Inc. |
| Clifford B. Altfeld (cbaltfeld@abgattorneys.com)<br>Altfeld Battaile & Goldman, P.C.<br>250 N. Meyer Ave.<br>Tucson, AZ 85701<br>Attorneys for Pyro Brand Development, LLC and The Richards Group, Inc. | Matthew R. K. Waterman (mrwaterman@swlaw.com)<br>Snell & Wilmer L.L.P.<br>One S. Church Ave., Suite 1500<br>Tucson, AZ 85701-1630<br>Attorneys for National Bank of Arizona |
| Robert E. Michael (robert.e.michael.esq@gmail.com)<br>Robert E. Michael. & Associates. PLLC<br>950 Third Ave., Suite 2500<br>New York, NY 10022<br>Attorneys for WNS North America, Inc. | Nancy J. March (nmarch@dmyl.com)<br>DeConcini McDonald Yetwin & Lacy, P.C.<br>2525 E. Broadway Blvd., #200<br>Tucson, AZ 85716<br>Attorneys for WNS North America, Inc. |

6

| | |
|---|---|
| Renee Sandler Shamblin (renee.s.shamblin@usdoj.gov)<br>Office of the U.S. Trustee<br>230 N. First Ave., Suite 204<br>Phoenix, AZ 85003-1706 | Robert J. Rosenberg (robert.rosenberg@lw.com)<br>Michael J. Riela (michael.riela@lw.com)<br>Latham & Watkins LLP<br>53rd at Third, Suite 1000<br>885 Third Avenue<br>New York, NY 10022-4068<br>Attorneys for Lehman Brothers Bank FSB |
| Scott D. Gibson (sgibson@gnglaw.com)<br>Gibson, Nakamura, & Decker, PLLC<br>2941 N. Swan Rd., Suite 101<br>Tucson, AZ 85712-2343<br>Attorneys for Allegra Print & Imaging | Ikon Office Solutions<br>Recovery & Bankruptcy Group<br>3920 Arkwright Road, Suite 400<br>Macon, GA 31210 |
| Jeremy T. Bergstrom (mbergstrom@mileslegal.com)<br>Miles, Bauer, Bergstrom & Winters, LLP<br>2200 Paseo Verde Pkwy., Suite 250<br>Henderson, NV 89052<br>Attorneys for Countrywide Home Loans, Inc. | David E. McAllister (dmcallister@piteduncan.com)<br>Pite Duncan, LLP<br>525 E. Main Street<br>P.O. Box 12289<br>El Cajon, CA 92022-2289<br>Attorneys for Chevy Chase Bank, FSB |
| James E. Cross (jcross@omlaw.com)<br>Brenda K. Martin (bmartin@omlaw.com)<br>Jason J. Romero (jromero@omlaw.com)<br>Osborn Maledon P.A.<br>2929 N. Central Ave., Suite 2100<br>Phoenix, AZ 85012-2794<br>Special Counsel for the Debtor | Séan P. O'Brien (spobrien@gustlaw.com)<br>Gust Rosenfeld P.L.C.<br>201 E. Washington St., Suite 800<br>Phoenix, AZ 85004<br>Local Counsel for Official Committee of Unsecured Creditors |
| Michael D. Warner (mwarner@warnerstevens.com)<br>Rachel R Obaldo (robaldo@warnerstevens.com)<br>Warner Stevens, L.L.P.<br>301 Commerce St., Suite 1700<br>Fort Worth, TX 76102<br>Attorneys for Official Committee of Unsecured Creditors | David Wm. Engelman (dwe@engelmanberger.com)<br>Steven N. Berger (snb@engelmanberger.com)<br>Bradley D. Pack (bdp@engelmanberger.com)<br>Engelman Berger, P.C.<br>3636 N. Central Ave., Suite 700<br>Phoenix, AZ 85012<br>Attorneys for Wells Fargo Bank, National Association |
| Daniel P. Collins (dcollins@cmpbelaw.com)<br>Collins, May, Potenza, Baran & Gillespie, P.C.<br>201 N. Central Ave., Suite 2210<br>Phoenix, AZ 85073-0021<br>Attorneys for Summit Investment Management, LLC | Scott K. Rutsky (srutsky@proskauer.com)<br>Adam T. Berkowitz (aberkowitz@proskauer.com)<br>Proskauer Rose, LLP<br>1585 Broadway<br>New York, NY 10036-8299<br>Attorneys for Summit Investment Management, LLC |
| Michael R. Pfeifer (mpfeifer@pfeiferlaw.com)<br>Libby Wong (lwong@pfeiferlaw.com)<br>Pfeifer & Reynolds, LLP<br>765 The City Dr., Suite 380<br>Orange, CA 92868<br>Attorneys for Lighthouse Real Estate Solutions | Kenton Hambrick (kenton_hambrick@freddiemac.com)<br>Associate General Counsel, Freddie Mac<br>8200 Jones Branch Dr., MS 202<br>McLean, VA 22102 |
| Stanford E. Lerch (slerch@ldlawaz.com)<br>Lerch & Deprima, PLC<br>4000 N. Scottsdale Rd., Suite 107<br>Scottsdale, AZ 85251<br>Attorneys for Anna Tran | Hilary B. Bonial (notice@bkcylaw.com)<br>Brice, Vander Linden & Wernick, P.C.<br>9441 LBJ Freeway, Suite 350<br>Dallas, TX 75243<br>Authorized Agent for CitiMortgage, Inc. |

| | |
|---|---|
| Robert P. Harris (rharris@quarles.com)<br>Kasey C. Nye (knye@quarles.com)<br>Quarles & Brady LLP<br>One S. Church Ave., Suite 1700<br>Tucson, AZ 85701-1621<br>Attorneys for UBS Real Estate Securities, Inc. | Brian Sirower (bsirower@quarles.com)<br>Kasey C. Nye (knye@quarles.com)<br>Quarles & Brady LLP<br>One S. Church Ave., Suite 1700<br>Tucson, AZ 85701-1621<br>Attorneys for Principal Life Insurance Company |
| Ronald E. Reinsel (rer@capdale.com)<br>Trevor W. Swett (tws@capdale.com)<br>Caplin & Drysdale<br>One Thomas Circle N.W.<br>Washington, D.C. 20005<br>Attorneys for UBS Real Estate Securities, Inc. | Shelton L. Freeman (tfreeman@dmylphx.com)<br>DeConcini McDonald Yetwin & Lacy, P.C.<br>7310 N. 16th St., Suite 330<br>Phoenix, AZ 85020<br>Attorneys for Joseph's Appraisal Group Arizona, Inc. |
| Jeffrey C. Wisler (jwisler@cblh.com)<br>Christina M. Thompson (cthompson@cblh.com )<br>Connolly Bove Lodge & Hutz LLP<br>P.O. Box 2207<br>Wilmington, DE 19899<br>Attorneys for Stoltz Management of Delaware, Inc. | Walter H. Gilbert<br>Ryan J. Bird (rbird@almquist.com)<br>Almquist & Gilbert, P.C.<br>10245 E. Via Linda, Suite 106<br>Scottsdale, AZ 85258<br>Attorneys for Cupertino Capital LLC & 4530 East Shea, LLC |
| Mark S. Bosco (msb@tblaw.com)<br>Leonard J. McDonald (ljm@tblaw.com)<br>2525 E. Camelback Rd., Suite 300<br>Phoenix, AZ 85016<br>Attorneys for Countrywide Home Loans, Inc., Countrywide Home Loans, Inc. dba America's Wholesale Lender, Mortgage Electronic Registration Systems, Inc. as Beneficiary of Deed of Trust & Nominee for Aurora Loan Services, LLC, Washington Mutual Bank, &Aurora Loan Services, Inc. | Russell C. Brannen, Jr. (russ.brannen@wilaw.com)<br>O'Neil, Cannon, Hollman, DeJong S.C.<br>111 E. Wisconsin Ave., Suite 1400<br>Milwaukee, WI 53202-4870<br>Attorneys for Paul V. Diamond |
| John D. Schlotter (john.schlotter@mccallaraymer.com)<br>McCalla Raymer, LLC<br>1544 Old Alabama Rd.<br>Roswell, GA 30076-2102<br>Authorized Agent for Countrywide Home Loans, Inc. and Wells Fargo Bank, N.A. | Eric Slocum Sparks (eric@ericslocumsparkspc)<br>Law Office of Eric Slocum Sparks, P.C.<br>110 South Church Ave., #2270<br>Tucson, AZ 85701-3031<br>Attorneys for Herbert Eugene Lewis, Guiseppe Fusco, and Ronald J. Gapp |
| R. Frederick Linfesty (bankruptcy@ironmountain.com)<br>Iron Mountain Information Management, Inc.<br>745 Atlantic Avenue<br>Boston, MA 02111 | James B. Ball (ball@poliball.com)<br>Poli & Ball, P.L.C.<br>2999 N. 44th St., Suite 500<br>Phoenix, AZ 85018<br>Attorneys for Bank of America, N.A. |
| R. Michael Farquhar (mfarquhar@winstead.com)<br>Winstead P.C.<br>5400 Renaissance Tower<br>1201 Elm Street<br>Dallas, TX 75270<br>Attorneys for Bank of America, N.A. | Ronald K. Brown, Jr (rkbgwhw@aol.com)<br>Law Offices of Ronald K. Brown., Jr.<br>901 Dove St. Suite 120<br>Newport Beach, CA 92660<br>Attorneys for TA Realty |

| | |
|---|---|
| Robert C. Hackett (rhackett@mhplaw.com)<br>Gregory W. Falls (gfalls@mhplaw.com)<br>Mohr, Hackett, Pederson, Blakley & Randolph, P.C.<br>2800 N. Central Ave., Suite 1100<br>Phoenix, AZ 85004<br>Attorneys for Flagstaff Ranch Creditors | Steven W. Kelly (skelly@s-d.com)<br>Silver & DeBoskey<br>1801 York St.<br>Denver, CO 80206<br>Attorneys for Brookwood Tamarac Plaza Investors, LLC<br>and Brookwood Research Center, LLC |
| John K. McAndrew (jmcandrew@woodsoviatt.com)<br>Woods Oviatt Gilman LLP<br>700 Crossroads Building<br>2 State Street<br>Rochester, NY 14614<br>Attorneys for Function 5 Technology Group | John J. Fries (jfries@rcalaw.com)<br>Ryley Carlock & Applewhite<br>One N. Central Ave., Suite 1200<br>Phoenix, AZ 85004<br>Attorneys for Time Warner Telecom of Arizona, LLC |
| Carolyn J. Johnsen (cjjohnsen@jsslaw.com)<br>Jennings, Strouss & Salmon, P.L.C.<br>The Collier Center, 11th Floor<br>201 E. Washington St.<br>Phoenix, AZ 85004-2385<br>Attorneys for Merrill Lynch Bank USA | Lance N. Jurich (ljurich@loeb.com)<br>Loeb & Loeb, LLP<br>10100 Santa Monica Blvd., Suite 2200<br>Los Angeles, CA 90067<br>Attorneys for Merrill Lynch Bank USA |

By  /s/   M. B. Thompson
          Judicial Assistant

9