**SIGNED.**

Dated: December 14, 2007



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>FIRST MAGNUS FINANCIAL<br>CORPORATION,<br><br>                    Debtor. | Chapter 11<br><br>No. No. 4:07-bk-01578-JMM<br><br>**MEMORANDUM DECISION RE:**<br>**DEBTOR'S PROPOSED FIRST**<br>**AMENDED DISCLOSURE STATEMENT** |

      The Debtor has proposed a First Amended Chapter 11 Plan of Liquidation and First Amended Disclosure Statement. On December 7, 2007, the court conducted a hearing at which the adequacy of the disclosure statement was discussed. Numerous parties appeared and offered suggestions, comments, or objections regarding such issue. The court then took the matter under advisement in order to consider the issues in a more deliberate fashion. Having now done so, the court suggests that, with the Debtor's supplementation along the lines enumerated by the court, the disclosure statement can be completed and packaged for dissemination to the creditor body.

      The court's comments refer to the redlined First Amended Disclosure Statement filed December 5, 2007, Administrative Dkt. #765.

# COURT'S SUGGESTED EDITS OR REVISIONS

| | |
|---|---|
| p. 1, li. 9: | Add "HOWEVER, CREDITORS ALSO HAVE THE OPTION OF VOTING AGAINST OR REJECTING THE PLAN." |
| p. 2, li. 2: | Insert "or rejections" after the word "acceptances." |
| p. 3, li. 19; | Change "charges" to charge offs . . . ." |
| p. 4, li. 8-10: | Instead of referring to outside exhibits, the Debtor should expand the discussion in this area (perhaps with the Committee's input) to specifically describe (without limitation), the transfers to insiders by date, amount, and person or entity. The names of the insider-transferees need to be specified in the body of the disclosure statement. A chart approach similar to that suggested by WNS would be clear and organized. |
| p. 5, li. 4-5: | Delete "displayed . . . . money" as unsupported puffing. By merely stating the facts, creditors and others can draw their own conclusions as to the insiders' motives for this behavior. |
| p. 7, li. 1-2: | Delete ". . . and . . . Debtor." It remains to be seen whether an orderly liquidation is feasible. |
| p. 7, li. 7: | Delete "early . . . November" and change "2007" to "2008." |
| p. 7, li. 8-15: | Perhaps eliminate this entire paragraph, or update it, since the Steel Mountain proposal is either still in early stages, or has been dropped. (The court is unclear from the last hearing as to the current status.) |
| p. 8, li. 8: | Insert a hyphen between the words "post-petition." |
| p. 8, li. 13: | Revise "as Exhibit 4a" to "as an exhibit" and delete "the . . . . 177.)" |
| p. 8, li. 24: | Insert a hyphen between the words "post-petition." |
| p. 9, li. 11: | Ensure that the headings for each of the columns can be read. |
| p. 9, li. 20: | After the chart, it is unclear if these numbers are assets or liabilities, and/or what part of each is what. Describe generally how the Debtor intends to deal with each asset, and/or pay each associated liability. |

SIGNED

| | | |
|---|---|---|
| 1 | p. 10, li. 7: | Are the "scratch and dent" loans assets or liabilities? If assets, describe how |
| 2 | | they will be liquidated and what net is expected to be realized for creditors. |
| 3 | p. 10, li. 17: | Add a sentence or two that describes whether Chase will have an anticipated |
| 4 | | deficiency claim, and if so, the Debtor's best estimate of how much it will be. |
| 5 | p. 10, li. 19: | When speaking of liabilities owed to First Magnus Capital ("FMC"), specify |
| 6 | | "claimed to be" before the word "owed." Also, add the words "the Debtor's |
| 7 | | parent company" (if accurate, otherwise whatever relationship term is |
| 8 | | applicable) after the words "First Magnus Capital." |
| 9 | p. 11, li. 1: | Update after "10/12" to most current figure available on staffing. |
| 10 | p. 11, li. 15 & 17: | Insert a hyphen between the words "post-petition." |
| 11 | p. 11, part B: | Has the wind-down projection been refined from the early days of filing? If |
| 12 | | not, specify when the attached projection was prepared and what changes, |
| 13 | | positive or negative, now impact on the estimates. |
| 14 | p. 12, li. 1: | Ensure that headings to each column are legible. |
| 15 | p. 12, li. 9: | Delete "There is little doubt, however . . ." and substitute "The Debtor |
| 16 | | maintains . . ." |
| 17 | p. 12, li. 13: | Add "ground" after words "legal or equitable." |
| 18 | p. 13, li. 16: | Insert a hyphen between the words "post-petition." |
| 19 | p. 14, li. 2: | For the first time, the term "Dividend Fund" is used in the disclosure |
| 20 | | statement. Please describe what it is and how, generally, it is intended to |
| 21 | | operate. |
| 22 | p. 15, li. 3: | Is it accurate that the Debtor, not a trust committee, will be making post- |
| 23 | | petition decisions, or is this a typographical error? Please describe the concept |
| 24 | | behind the provision. Who will be making ongoing decisions, post- |
| 25 | | confirmation, for the Debtor, and at what rate of compensation? |
| 26 | p. 16, li. 6: | FMC is assumed by the Debtor to be a true third-party creditor, without any |
| 27 | | consideration for its insider status or a possible § 510 subordination challenge. |
| 28 | | Consider whether FMC needs to be separately classified. No discussion of |

*(SIGNED watermark across page)*

|   |                 |                                                                                           |
|---|-----------------|-------------------------------------------------------------------------------------------|
| 1 |                 | FMC can be complete without the Debtor (in its fiduciary capacity for the                 |
| 2 |                 | benefit of all creditors) taking an objective look at FMC and its role, and that          |
| 3 |                 | of its principals, leading up to the Debtor's demise.                                     |
| 4 | p. 17, li. 16:  | It is assumed that WAMU satisfied its claims (or at the least the vast majority           |
| 5 |                 | thereof). But the disclosure statement is unclear as to whether WAMU still                |
| 6 |                 | has claims, and if so, against what assets, or if it is unsecured. Please describe        |
| 7 |                 | more fully.                                                                               |
| 8 | p. 18, li. 3:   | Please describe how (and who) will handle claims litigation. Please note                  |
| 9 |                 | whether the bankruptcy court will retain jurisdiction over such litigation.               |
| 10|                 | Estimate the cost thereof, as well.                                                       |
| 11| p. 18, li. 8:   | Add after "affiliate of the Debtor" the clause "and (iii) any other insider or            |
| 12|                 | affiliate of the Debtor, including but not limited to shareholders and/or First           |
| 13|                 | Magnus Financial Corporation."                                                            |
| 14| p. 18, li. 10-14: | It is unclear as to what type of debt this joint check class relates. Please give       |
| 15|                 | examples, so it is clear as to who constitutes this class.                                |
| 16| p. 19, li. 7-16: | The definition of "Effective Date" appears to be a fluid one, delaying                  |
| 17|                 | indefinitely appeal rights from any confirmation order. This needs to be                  |
| 18|                 | changed to a date certain, so appeal rights are neither delayed or denied. The            |
| 19|                 | concept of a floating effective date is not consistent with the Code's scheme.            |
| 20| p. 21, li. 23:  | There should be an accounting mechanism to creditors, on a periodic basis.                |
| 21| p. 22, li 13:   | It is unclear whether the Litigation Trust shall have the avoiding powers of a            |
| 22|                 | statutory trustee or debtor-in-possession. If that is the intent, legal authority         |
| 23|                 | for such a proposition needs to be articulated, because if this concept deprives          |
| 24|                 | the Litigation Trust of such powers, many legal opportunities for asset                   |
| 25|                 | recovery might either be lost entirely, or potential targets of avoidance                 |
| 26|                 | litigation may have been handed a built-in defense. If discussed, then the                |
| 27|                 | Debtor should point to the Ninth Circuit authority, or if none, review the law            |
| 28|                 |                                                                                           |

| | | |
|---|---|---|
| 1 | | of all Circuits and note if a conflict between them exists.[1] |
| 2 | p. 23, li. 2: | Provide a periodic and definite accounting mechanism to creditors. |
| 3-4 | p. 24, li. 24: | Again, does a Litigation Trust have the legal power to assert statutory bankruptcy avoiding powers? |
| 5-8 | p. 24, li. 8: | The identity of the contemplated individuals should be disclosed. *See* 11 U.S.C. § 1129(a)(5). This applies to "advisory" board members as well as the Trustees. It appears that the Debtor has chosen Mr. Aaron as the Liquidating Trustee, together with his company. Other individuals are less clear. |
| 9-11 | p. 25, li. 3-26: | Same comments as above. Is the advisory board limited to Litigation Trust only, or does the Liquidation Trust also have an advisory group? If so, who and at what compensation rates? |
| 12-14 | p. 26, li. 12-14 and li. 25-26: | The description of "reasonable compensation" is too indefinite and loose. The Debtor needs to firm up the specifics. *See* 11 U.S.C. § 1129(a)(4), (5). |
| 14-15 | p. 27, li. 3-5: | Describe the purpose for this section. May a creditor pledge a claim as security? |
| 16-18 | p. 27, li. 8-10: | Describe what is meant by the term "Hold Account." It is found in the plan, but needs to be explained in the disclosure statement as well. |
| 18-19 | p. 27, li. 11-20: | Please explain the types of misfeasance or malfeasance the advisory committee could be liable for. |
| 20 | p. 28, li. 16: | What is a "Chapter 5 Claim?" |
| 21-23 | p. 30, li. 4: | Add "appropriate" after "any" and before "counsel." This ensures that a party's due process rights are preserved, and notice is not given to someone who may not have the authority to handle the problem. |
| 24-26 | p. 30, li. 7-13: | It appears that no portion of a claim can be distributed if any part thereof is in dispute. Is this the intent? If so, why? Should not a creditor receive any |

---

[1] If would be helpful if the U.S. Trustee could provide its input on this point.

SIGNED

|   |   |   |
|---|---|---|
| 1 | | undisputed portion? Why hold an undisputed portion hostage to a disputed |
| 2 | | portion? Please explain the rationale for this, or change it. |
| 3 | p. 30-31, li. 26-1: | Please explain the legal authority for limiting a creditor's claim to only its |
| 4 | | "estimated" portion. Estimation is a vote-control process, not a claims |
| 5 | | adjudication process, unless there is authority for this concept. |
| 6 | p. 36, li. 4-6: | The liquidation analysis should be summarized here, in dollars and cents, |
| 7 | | rather than by reference to an outside exhibit. This aspect of the case is |
| 8 | | extremely important to creditors. The summary should break down what the |
| 9 | | Debtor holds, what the value of each asset is, what secured or other claims are |
| 10 | | against those assets, what litigation recoveries are anticipated (against who and |
| 11 | | on what general theories), less the costs of administration and litigation. The |
| 12 | | discussion should end with an estimation of how each class will fare. It is this |
| 13 | | information that creditors need in order to intelligently decide whether to vote |
| 14 | | for or against a plan. |
| 15 | p. 37, li. 13: | What is intended to be placed on the blank line? |
| 16 | p. 40, li. 12: | Replace "who" with "which Equity Interest group." |

## THE OBJECTIONS OF SPECIFIC CREDITORS

### A. WNS North America

The points made by WNS concerning the transfers made to insiders or affiliates, taken from the schedules, are indicative of the type of disclosure required in the disclosure statement.

The failure of the debtor-in-possession, as a fiduciary, to aggressively investigate these items, or to downplay them, may point to the need for the appointment of either an independent examiner or trustee. The court understands the delicacy of such investigation, but inherent in the "soft-pedaling" of issues of this type is the suspicion that the Debtor knows where the bodies are buried, but refuses to give up the map. The statute allows for a debtor-in-possession to propose a

liquidation plan, but the inherent problem caused by such a facially-efficient process tends more toward insider, rather than creditor protection.

The Debtor should give as much information as it can as to all insider or insider-related transactions, without slanting it in any way in favor of such persons.

Other issues raised by WNS have either been addressed by the court in the section above, or would appear to be best reserved for the confirmation hearing.

The Debtor should amend the disclosure statement to rigorously detail all pre-petition insider transactions within the two years preceding the filing of the bankruptcy case on August 21, 2007.

### B. Maricopa County Treasurer

The County's objection is not truly an objection. If the County filed proofs of claim, and if the taxes are entitled to priority status, then the Debtor's plan deals with them in that status.

The Debtor need not amend its disclosure statement on the County's concerns.

### C. Docusafe

The concerns of Docusafe were addressed more to the practicalities of future (and past) document storage and retention, than to actual deficiencies within the disclosure statement. At the December 7th hearing, the parties appeared to have resolved Docusafe's concerns. Therefore, the court will consider Docusafe to have withdrawn its objection.

### D. WC Partners

WC Partners questions whether the Debtor has adequately disclosed its "net worth." It also questions whether the Debtor's liquidation analysis is accurate. As near as the court can discern, these concerns may become more clear once the Debtor re-organizes its "Liquidation

1  Analysis" section to more clearly define what its assets are, what liens or obligations exist relative
2  to each asset, and what the projected net return will be to the unsecured creditors.
3  Should any creditor desire to do so, it may conduct 2004 examinations of
4  knowledgeable individuals in order to prepare for the "best interests of creditors" confirmation
5  element, found at 11 U.S.C. § 1129(a)(7).
6  The court believes that its directive to the Debtor, found in the first section of this
7  Memorandum Decision, will focus the Debtor on the issues that concern WC Partners.

### E. UBS RES

UBS contends that the Debtor has mischaracterized its legal relationship with UBS. To the extent that the parties differ as to that status, the disclosure statement should add language which explains (1) the nature of the dispute; (2) the contentions of each of the parties; (3) how the dispute or claim will be resolved; (4) what will happen with respect to the assets that are the subject of the dispute; and (5) what value in those assets can be realized for the Debtor, in both a best and worst-case scenario.

If the parties have different opinions as to their legal positions, that is all that needs to be disclosed (together with the facts as indicated above), but those disagreements do not make a disclosure statement misleading. They only point to the uncertainty of any projected outcome for those assets.

To the extent that UBS is concerned over its status as either an owner or lienholder, it may employ the remedy described in FED. R. BANKR. P. 7001, and file an adversary proceeding to determine the validity, extent, or priority of its lien or other interest in the relevant property. These property issues are incapable of being decided in a disclosure statement, however.

Concerns by UBS over a possible future "surcharge" are premature. Discussion and speculation about such possibility does not require changes to the disclosure statement. Such issues will be decided if and when they arise.

The remaining issues concerning UBS have either been previously addressed by the court in the initial section of this Memorandum Decision, or are construed as items to be properly raised at a later time, or as objections to the Debtor's attempt to obtain confirmation of its plan.

### F. Countrywide

Various Countrywide entities have also opposed the Debtor's disclosure statement.

Countrywide appears to be first concerned with the "lumping" of its various divisions into a single class. To the extent that Countrywide or the Debtor can differentiate between those interests, the Debtor should do so, re-classify Countrywide's divisions or units as necessary, and define the treatment attributable to each entity and/or types of assets/collateral.

Next, as noted in the court's section, above, the Debtor should more clearly lay out what assets it intends to dispose of, and which entity has a claim against those assets. This should redress Countrywide's concerns.

Thirdly, Countrywide is concerned about the Debtor's "ordinary course of business" sales. This is a liquidation case, and the court must assume that there no longer exists anything remotely close to what once was an "ordinary course" transaction. The Debtor has shut down offices all over the United States, has laid off thousands of employees, and has retrenched to its Tucson headquarters to inventory and assess what parts of its former business may still have value. Requests for the sale of assets have been periodically submitted to the court. If the Debtor is maintaining any sales of assets that it may yet consider to be "ordinary course," and not subject to court scrutiny, the court agrees with Countrywide that these should be disclosed, from the date of the filing (August 21, 2007) forward. The Debtor should summarize its income and expenses for each month since the filing of this case on August 21, 2007, similar to (but in a more abbreviated fashion), those monthly operating reports which it submits to the U.S. Trustee each month.

The "surcharge" concerns of Countrywide were addressed above, in the context of UBS' similar worry. This is not a disclosure statement issue.

The remainder of Countrywide's concerns have (1) either been addressed in the court's independent review comments, or in its thoughts regarding the objections of others; (2) were agreed to in open court by Messrs. Clemency and Miller; or (3) are more in the nature of confirmation issues than disclosure issues.

**CONCLUSION**

The Debtor will be directed, by separate order, to amend it disclosure statement to address the items set forth herein. A new red-lined version shall be submitted to the court and the parties by January 2, 2008. The court will then review it, and if it passes scrutiny, the court intends to set a confirmation hearing, in Tucson, Arizona, on Friday, February 1, 2008.

DATED AND SIGNED ABOVE.

Copies served as indicated below on the date signed above:

| | |
|---|---|
| John R. Clemency (clemencyj@gtlaw.com)<br>Todd A. Burgess (burgesst@gtlaw.com)<br>Greenberg Traurig, LLP<br>2375 E. Camelback Rd., Suite 700<br>Phoenix, AZ 85016<br>Attorneys for Debtor | James P.S. Leshaw (leshawj@gtlaw.com)<br>Daniel Gold (goldd@gtlaw.com)<br>Greenberg Traurig, P.A.<br>1221 Brickell Ave.<br>Miami, FL 33131<br>Attorneys for Debtor |
| Rob Charles (Rcharles@LRlaw.com)<br>Lewis and Roca LLP<br>One South Church Ave., Suite 700<br>Tucson, AZ 85701-1611<br>Attorneys for Buyers under Mortgage Loan Repurchase Agreement | Susan M. Freeman (Sfreeman@LRLaw.com)<br>Lewis and Roca LLP<br>40 N. Central Ave.<br>Phoenix, AZ 85004-4429<br>Attorneys for Buyers under Mortgage Loan Repurchase Agreement |
| Andrew P. DeNatale (adenatale@whitecase.com)<br>Scott Greissman (sgreissman@whitecase.com)<br>White & Case LLP<br>1155 Avenue of the Americas<br>New York, NY 10036<br>Attorneys for Buyers under Mortgage Loan Repurchase Agreement | Philip R. Rudd (philip.rudd@kutakrock.com)<br>Ethan B. Minkin (ethan.minkin@kutakrock.com)<br>Kutak Rock LLP<br>8601 N. Scottsdale Rd., Suite 300<br>Scottsdale, AZ 85253-2742<br>Attorneys for JPMorgan Chase Bank, N.A. & Chase Equipment Leasing, Inc |

| | |
|---|---|
| Steven M. Cox (smcox@wechv.com)<br>Waterfall Economidis Caldwell Hanshaw & Villamana, P.C.<br>5210 E. Williams Cir., #800<br>Tucson, AZ 85711<br>Attorneys for WC Partners | Michael McGrath (mmcgrath@mcrazlaw.com)<br>Lowell E. Rothschild (lrothschild@mcrazlaw.com)<br>Mesch, Clark & Rothschild, P.C.<br>259 N. Meyer Ave.<br>Tucson, AZ 85701-1090<br>Attorneys for Washington Mutual Bank |
| Martin A. Sosland (martin.sosland@weil.com)<br>Weil, Gotshal & Manges<br>200 Crescent Court, Suite 300<br>Dallas, TX 75201<br>Attorneys for Washington Mutual Bank | German Yusufov (german.yusufov@pcao.pima.gov)<br>Terri A. Roberts (terri.roberts@pcao.pima.gov)<br>Deputy Pima County Attorneys<br>32 N. Stone Ave., Suite 2100<br>Tucson, AZ 85701 |
| Robert J. Miller (rjmiller@bryancave.com)<br>Edward M. Zachary (edward.zachary@bryancave.com)<br>Bryce A. Suzuki (bryce.suzuki@bryancave.com)<br>Bryan Cave LLP<br>Two N. Central Ave., Suite 2200<br>Phoenix, AZ 85004-4406<br>Counsel for Countrywide Bank, Inc., Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Warehouse Lending, & Countrywide Securities Corporation, The Bank of New York | Richard D. Holper (rdh@lshlegal.com)<br>The Holper Law Group P.L.L.C.<br>16853 E. Palisades Blvd, Suite 201<br>Fountain Hills, AZ 85268<br>Attorneys for Randall Forsberg, Walter & Kelly Hall, DAC, Inc. |
| Timothy H. Barnes (tbarnes@bihlaw.com)<br>Brier, Irish, Hubbard & Erhart, P.L.C.<br>2400 E. Arizona Biltmore Circle, Suite 1300<br>Phoenix, AZ 85016-2115<br>Attorneys for United Insurance Company of America | Christopher H. Bayley (cbayley@swlaw.com)<br>Snell & Wilmer L.L.P.<br>One Arizona Center<br>400 E. Van Buren<br>Phoenix, AZ 85004-2202<br>Attorneys for Creditor First Magnus Capital, Inc. |
| Stephanie L. Cooper (Stephanie@ccfirm.com)<br>Michael W. Chen (Michael@ccfirm.com)<br>The Cooper Castle Law Firm<br>820 S. Valley View Blvd.<br>Las Vegas, NV 89 107<br>Attorney for The Cooper Castle Law Firm<br>fka the Cooper Christensen Law Firm, LLP | Jamie R. Welton (jrw@lhlaw.net)<br>Lackey Hershman, L.L.P.<br>3102 Oak Lawn Ave., Suite 777<br>Dallas, TX 75219<br>Attorneys for Pyro Brand Development, LLC and The Richards Group, Inc. |
| Clifford B. Altfeld (cbaltfeld@abgattorneys.com)<br>Altfeld Battaile & Goldman, P.C.<br>250 N. Meyer Ave.<br>Tucson, AZ 85701<br>Attorneys for Pyro Brand Development, LLC and The Richards Group, Inc. | Matthew R. K. Waterman (mrwaterman@swlaw.com)<br>Snell & Wilmer L.L.P.<br>One S. Church Ave., Suite 1500<br>Tucson, AZ 85701-1630<br>Attorneys for National Bank of Arizona |
| Robert E. Michael (robert.e.michael.esq@gmail.com)<br>Robert E. Michael & Associates. PLLC<br>950 Third Ave., Suite 2500<br>New York, NY 10022<br>Attorneys for WNS North America, Inc. | Nancy J. March (nmarch@dmyl.com)<br>DeConcini McDonald Yetwin & Lacy, P.C.<br>2525 E. Broadway Blvd., #200<br>Tucson, AZ 85716<br>Attorneys for WNS North America, Inc. |

| | |
|---|---|
| Renee Sandler Shamblin (renee.s.shamblin@usdoj.gov)<br>Office of the U.S. Trustee<br>230 N. First Ave., Suite 204<br>Phoenix, AZ 85003-1706 | Robert J. Rosenberg (robert.rosenberg@lw.com)<br>Michael J. Riela (michael.riela@lw.com)<br>Latham & Watkins LLP<br>53rd at Third, Suite 1000<br>885 Third Avenue<br>New York, NY 10022-4068<br>Attorneys for Lehman Brothers Bank FSB |
| Scott D. Gibson (sgibson@gnglaw.com)<br>Gibson, Nakamura, & Decker, PLLC<br>2941 N. Swan Rd., Suite 101<br>Tucson, AZ 85712-2343<br>Attorneys for Allegra Print & Imaging | Ikon Office Solutions<br>Recovery & Bankruptcy Group<br>3920 Arkwright Road, Suite 400<br>Macon, GA 31210 |
| Jeremy T. Bergstrom (mbergstrom@mileslegal.com)<br>Miles, Bauer, Bergstrom & Winters, LLP<br>2200 Paseo Verde Pkwy., Suite 250<br>Henderson, NV 89052<br>Attorneys for Countrywide Home Loans, Inc. | Josephine E. Piranio (jpiranio@piteduncan.com)<br>David E. McAllister (dmcallister@piteduncan.com)<br>Pite Duncan, LLP<br>525 E. Main Street<br>P.O. Box 12289<br>El Cajon, CA 92022-2289<br>Attorneys for Chevy Chase Bank, FSB, Homecomings Financial, LLC |
| James E. Cross (jcross@omlaw.com)<br>Brenda K. Martin (bmartin@omlaw.com)<br>Jason J. Romero (jromero@omlaw.com)<br>Osborn Maledon P.A.<br>2929 N. Central Ave., Suite 2100<br>Phoenix, AZ 85012-2794<br>Special Counsel for the Debtor | Séan P. O'Brien (spobrien@gustlaw.com)<br>Gust Rosenfeld P.L.C.<br>201 E. Washington St., Suite 800<br>Phoenix, AZ 85004<br>Local Counsel for Official Committee of Unsecured Creditors |
| Michael D. Warner (mwarner@warnerstevens.com)<br>Rachel R Obaldo (robaldo@warnerstevens.com)<br>Warner Stevens, L.L.P.<br>301 Commerce St., Suite 1700<br>Fort Worth, TX 76102<br>Attorneys for Official Committee of Unsecured Creditors | David Wm. Engelman (dwe@engelmanberger.com)<br>Steven N. Berger (snb@engelmanberger.com)<br>Bradley D. Pack (bdp@engelmanberger.com)<br>Engelman Berger, P.C.<br>3636 N. Central Ave., Suite 700<br>Phoenix, AZ 85012<br>Attorneys for MCA Financial Group, Ltd. |
| Daniel P. Collins (dcollins@cmpbglaw.com)<br>Collins, May, Potenza, Baran & Gillespie, P.C.<br>201 N. Central Ave., Suite 2210<br>Phoenix, AZ 85073-0022<br>Attorneys for Summit Investment Management, LLC | Scott K. Rutsky (srutsky@proskauer.com)<br>Adam T. Berkowitz (aberkowitz@proskauer.com)<br>Proskauer Rose, LLP<br>1585 Broadway<br>New York, NY 10036-8299<br>Attorneys for Summit Investment Management, LLC |
| Michael R. Pfeifer (mpfeifer@pfeiferlaw.com)<br>Libby Wong (lwong@pfeiferlaw.com)<br>Pfeifer & Reynolds, LLP<br>765 The City Dr., Suite 380<br>Orange, CA 92868<br>Attorneys for Lighthouse Real Estate Solutions | Kenton Hambrick (kenton_hambrick@freddiemac.com)<br>Associate General Counsel, Freddie Mac<br>8200 Jones Branch Dr., MS 202<br>McLean, VA 22102 |

| | |
|---|---|
| Stanford E. Lerch (slerch@ldlawaz.com)<br>Lerch & Deprima, PLC<br>4000 N. Scottsdale Rd., Suite 107<br>Scottsdale, AZ 85251<br>Attorneys for Anna Tran | Hilary B. Bonial (notice@bkcylaw.com)<br>Brice, Vander Linden & Wernick, P.C.<br>9441 LBJ Freeway, Suite 350<br>Dallas, TX 75243<br>Authorized Agent for CitiMortgage, Inc. |
| Robert P. Harris (rharris@quarles.com)<br>Kasey C. Nye (knye@quarles.com)<br>Quarles & Brady LLP<br>One S. Church Ave., Suite 1700<br>Tucson, AZ 85701-1621<br>Attorneys for UBS Real Estate Securities, Inc. | Brian Sirower (bsirower@quarles.com)<br>Kasey C. Nye (knye@quarles.com)<br>Quarles & Brady LLP<br>One S. Church Ave., Suite 1700<br>Tucson, AZ 85701-1621<br>Attorneys for Principal Life Insurance Company |
| Ronald E. Reinsel (rer@capdale.com)<br>Trevor W. Swett (tws@capdale.com)<br>Caplin & Drysdale<br>One Thomas Circle N.W.<br>Washington, D.C. 20005<br>Attorneys for UBS Real Estate Securities, Inc. | Shelton L. Freeman (tfreeman@dmylphx.com)<br>DeConcini McDonald Yetwin & Lacy, P.C.<br>7310 N. 16th St., Suite 330<br>Phoenix, AZ 85020<br>Attorneys for Joseph's Appraisal Group Arizona, Inc. |
| Jeffrey C. Wisler (jwisler@cblh.com)<br>Christina M. Thompson (cthompson@cblh.com )<br>Connolly Bove Lodge & Hutz LLP<br>P.O. Box 2207<br>Wilmington, DE 19899<br>Attorneys for Stoltz Management of Delaware, Inc. | Walter H. Gilbert<br>Ryan J. Bird (rbird@almquist.com)<br>Almquist & Gilbert, P.C.<br>10245 E. Via Linda, Suite 106<br>Scottsdale, AZ 85258<br>Attorneys for Cupertino Capital LLC & 4530 East Shea, LLC |
| Mark S. Bosco (msb@tblaw.com)<br>Leonard J. McDonald (ljm@tblaw.com)<br>Christopher R. Kaup (crk@tblaw.com)<br>Jeffrey A. Sandall (jas@tblaw.com)<br>Andrew M. Ellis (ame@tblaw.com)<br>2525 E. Camelback Rd., Suite 300<br>Phoenix, AZ 85016<br>Attorneys for Countrywide Home Loans, Inc., Countrywide Home Loans, Inc. dba America's Wholesale Lender, Mortgage Electronic Registration Systems, Inc. as Beneficiary of Deed of Trust & Nominee for Aurora Loan Services, LLC, Washington Mutual Bank, &Aurora Loan Services, Inc., Mountain Funding, L.L.C. | Russell C. Brannen, Jr. (russ.brannen@wilaw.com)<br>O'Neil, Cannon, Hollman, DeJong S.C.<br>111 E. Wisconsin Ave., Suite 1400<br>Milwaukee, WI 53202-4870<br>Attorneys for Paul V. Diamond |
| John D. Schlotter (john.schlotter@mccallaraymer.com)<br>McCalla Raymer, LLC<br>1544 Old Alabama Rd.<br>Roswell, GA 30076-2102<br>Authorized Agent for Countrywide Home Loans, Inc. and Wells Fargo Bank, N.A. | Eric Slocum Sparks (eric@ericslocumsparkspc.com)<br>Law Office of Eric Slocum Sparks, P.C.<br>110 South Church Ave., #2270<br>Tucson, AZ 85701-3031<br>Attorneys for Herbert Eugene Lewis, Guiseppe Fusco, and Ronald J. Gapp |
| R. Frederick Linfesty (bankruptcy@ironmountain.com)<br>Iron Mountain Information Management, Inc.<br>745 Atlantic Avenue<br>Boston, MA 02111 | James B. Ball (ball@poliball.com)<br>Poli & Ball, P.L.C.<br>2999 N. 44th St., Suite 500<br>Phoenix, AZ 85018<br>Attorneys for Bank of America, N.A. |

| | |
|---|---|
| R. Michael Farquhar (mfarquhar@winstead.com)<br>Winstead P.C.<br>5400 Renaissance Tower<br>1201 Elm Street<br>Dallas, TX 75270<br>Attorneys for Bank of America, N.A. | Ronald K. Brown, Jr (rkbgwhw@aol.com)<br>Law Offices of Ronald K. Brown., Jr.<br>901 Dove St. Suite 120<br>Newport Beach, CA 92660<br>Attorneys for TA Realty |
| Robert C. Hackett (rhackett@mhplaw.com)<br>Gregory W. Falls (gfalls@mhplaw.com)<br>Mohr, Hackett, Pederson, Blakley & Randolph, P.C.<br>2800 N. Central Ave., Suite 1100<br>Phoenix, AZ 85004<br>Attorneys for Flagstaff Ranch Creditors | Steven W. Kelly (skelly@s-d.com)<br>Silver & DeBoskey<br>1801 York St.<br>Denver, CO 80206<br>Attorneys for Brookwood Tamarac Plaza Investors, LLC and Brookwood Research Center, LLC |
| John K. McAndrew (jmcandrew@woodsoviatt.com)<br>Woods Oviatt Gilman LLP<br>700 Crossroads Building<br>2 State Street<br>Rochester, NY 14614<br>Attorneys for Function 5 Technology Group | John J. Fries (jfries@rcalaw.com)<br>Ryley Carlock & Applewhite<br>One N. Central Ave., Suite 1200<br>Phoenix, AZ 85004<br>Attorneys for Time Warner Telecom of Arizona, LLC, Wells Fargo Bank, N.A. and Wells Fargo Funding, Inc. |
| Carolyn J. Johnsen (cjjohnsen@jsslaw.com)<br>Jennings, Strouss & Salmon, P.L.C.<br>The Collier Center, 11th Floor<br>201 E. Washington St.<br>Phoenix, AZ 85004-2385<br>Attorneys for Merrill Lynch Bank USA | Lance N. Jurich (ljurich@loeb.com)<br>Loeb & Loeb, LLP<br>10100 Santa Monica Blvd., Suite 2200<br>Los Angeles, CA 90067<br>Attorneys for Merrill Lynch Bank USA |
| Paul Caruso (pcaruso@sidley.com)<br>Sidley Austin, LLP<br>1 South Dearborn<br>Chicago, IL 60603<br>Attorneys for Wells Fargo Bank, N.A. and Wells Fargo Funding, Inc. | Robert J. Spurlock (bspurlock@bffb.com)<br>Bonnett, Fairbourn, Friedman & Balint, P.C.<br>2901 N. Central Ave., Suite 1000<br>Phoenix, AZ 85012<br>Attorneys for Patricia Puerto and Jamie Puerto |
| Franklin D. Dodge (tdodge@rwrplc.com)<br>Ryan Rapp & Underwood, P.L.C.<br>3101 N. Central Ave., Suite 1500<br>Phoenix, AZ 85012<br>Attorneys for Docusafe of Phoenix, Inc. | Curt R. Craton (ccraton@cratonlaw.com)<br>Shannon C. Switzer (sswitzer@cratonlaw.com)<br>Craton & Switzer<br>100 Oceangate, Suite 1200<br>Long Beach, CA 90802<br>Attorneys for Craton & Switzer LLP |
| Bankruptcy Estate of Sern Doeum and Yun Samay<br>c/o Edmund J. Wood, Chapter 7 Trustee<br>Wood & Jones, P.S. (ewood1@aol.com)<br>303 N. 67th St.<br>Seattle, WA 98103 | Michael D. Breslauer (mbreslauer@swsslaw.com)<br>Solomon Ward Seidenwurm & Smith<br>401 B St., Suite 1200<br>San Diego, CA 92101<br>Attorneys for Margaret Phoenix |
| Zachary Mosner, Assistant Attorney General<br>(zacharym@atg.wa.gov)<br>Bankruptcy & Collections Unit<br>800 Fifth Ave., Suite 2000<br>Seattle, WA 98104-3188<br>State of Washington, Departments of Revenue, Labor & Industries, and Employment Security | Madeleine C. Wanslee (mwanslee@gustlaw.com)<br>Gust Rosenfeld P.L.C.<br>201 E. Washington, Suite 800<br>Phoenix, AZ 85004-2327<br>Attorneys for Maricopa County Treasurer and Arizona Central Credit Union |

| | |
|---|---|
| Kimberly Walsh (kimberly.walsh@oag.state.tx.us)<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>P. O. Box 12548<br>Austin, TX 78711-2548 | Edith I. Rudder (eadie@thompsonkrone.com)<br>Thompson Krone, P.L.C.<br>4400 E. Broadway Blvd., Suite 602<br>Tucson, AZ 85711<br>Attorneys for G&J Development, Inc. |
| Nicola G. Suglia (nsuglia@fleischerlaw.com)<br>Fleischer, Fleischer & Suglia<br>Plaza 1000 At Main Street, Suite 208<br>Voorhees, NJ 08043<br>Attorneys for Canon Financial Services, Inc. | Adam B. Nach (Adam.Nach@azbar.org)<br>Lane & Nach PC<br>2025 N Third St Suite 157<br>Phoenix, AZ 85004-0001<br>Attorneys for Josephs Appraisal Group Arizona, Inc. |
| Thomas H. Allen (tallen@asbazlaw.com)<br>Kevin C. McCoy (kmccoy@asbazlaw.com)<br>Allen, Sala & Bayne, PLC<br>1850 N. Central Ave., Suite 1150<br>Phoenix, AZ 85004<br>Attorneys for Borter Enterprises, David Andrew Borter and Konstantina Konidaris | Paul A. Patterson (ppatterson@stradley.com)<br>Stradley, Ronon, Stevens & Young, LLP<br>2600 One Commerce Square<br>Philadelphia, PA 19103<br>Attorneys for Cherry Hill Commerce Center Associates, L.P. |

By /s/ M.B. Thompson
     Judicial Assistant

SIGNED