# EXHIBIT "4"
# (Liquidating Trust Agreement)

# LIQUIDATING TRUST AGREEMENT

This Agreement and Declaration of Trust (the "Agreement") is executed as of January __, 2008, by First Magnus Financial Corporation, debtor and debtor in possession (the "Debtor") or "First Magnus"), and Morris C. Aaron, solely in his capacity as Trustee for the Beneficiaries of this Trust to act on their behalf (hereinafter called the "Trustee").

## RECITALS

A. The "Second Amended Plan of Liquidation filed by First Magnus Financial Corporation" dated _____, 2008 and filed by First Magnus Financial Corporation (the "Debtor"), the Debtor and Debtor-In-Possession in the Chapter 11 case No. 4:07-bk-01578 pending in the United States Bankruptcy Court for the District of Arizona (the "Bankruptcy Court") has been confirmed by the Bankruptcy Court.

B. The Trust is the trust referred to in the Plan as the "Liquidating Trust" and shall be known as the "First Magnus Liquidating Trust."

C. Upon the terms and subject to the conditions of this Agreement, the Trustee has agreed to accept the Liquidating Trust Estate in trust and to hold and administer the Liquidating Trust Estate for the benefit of the Beneficiaries.

## TERMS

1. **Conveyance of Liquidating Trust Estate**. Pursuant to the Plan, all assets set forth on Exhibit A hereto have been transferred to the Trust to be held and administered by the Trustee in trust hereunder.

2. **Definitions**. For purposes of this Agreement, the following terms will have the definitions indicated. All capitalized terms used but not defined in this Agreement have the meaning ascribed to them in the Plan.

   a. **Advisory Board** means the board of three members selected by the Committee, and their successors.

   b. **Beneficiary** means each Class A Beneficiary and each Class B Beneficiary.

   c. **Class A Beneficiary** means each holder of an Allowed Claim in Class 1 of the Plan and their permitted transferees as the same shall appear in the records of the Trustee from time to time.

   d. **Class B Beneficiary** means each holder of an Allowed Claim in Classes 3, 4, and 8 of the Plan and their permitted transferees as the same shall appear in the records of the Trustee from time to time.

Page 1 of 14

PHX 327,966,082v13 1/2/2008
Case 4:07-bk-01578-EWH   Doc 1064-4   Filed 01/04/08   Entered 01/04/08 18:03:24
Desc Exhibit 4   Page 2 of 15

e. <u>Liquidating Trust Estate</u> means, collectively: (i) the assets transferred to the Trust pursuant to the Plan; and (ii) such additional or different corpus as the Trustee may from time to time acquire and hold in trust pursuant to this Agreement.

f. <u>Litigation Trust</u> means the trust created by instrument dated the date of this Agreement and referred to in the Plan as the "Litigation Trust."

g. <u>Plan</u> means the Debtors' Second Amended Plan of Liquidation, dated _____, 2008. A copy of the Plan, along with the Bankruptcy Court's order confirming the Plan, is attached hereto as Exhibit "1."

h. <u>Trust</u> means the trust created pursuant to this Agreement.

i. <u>Trustee</u> means the Trustee named in this Agreement and its respective successors.

3. <u>Nature and Purpose of Trust</u>. The purpose of the Trust is to hold, administer and liquidate the Liquidating Trust Estate, and to collect and distribute to the Beneficiaries the income and the proceeds of the sale of the Liquidating Trust Estate, all in accordance with the provisions of the Plan and this Agreement. The Trust is a liquidating trust pursuant to which the Trustee is to hold the Liquidating Trust Estate and dispose of all or part of the same in accordance with this Agreement. This Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust. The Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Trustee or Beneficiaries, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Beneficiaries to the Trustee shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Agreement. This Trust is intended to qualify as a "Liquidating Trust" pursuant to Income Tax Regulation Section 301.7701-4, as more particularly set out in Section 4 below, and the Trustee will operate the Trust in compliance with laws and regulations governing Liquidating Trusts pursuant to state and federal law.

4. <u>Liquidation Trust Provisions</u>. This Trust shall be a liquidating trust as described in Income Tax Regulation 301.7701-4, and will be governed and operated in full compliance with Revenue Procedure 94-45, 1994-2 C.B. 684, as follows:

(a) This Trust has been created by the Plan solely to implement the terms of the Plan. The purposes of this Trust are to manage, conserve and protect the value of the Trust for the benefit of the Beneficiaries, including, but not limited to, collecting and liquidating the Trust, filing objections to claims, pursuing claims and causes of actions vested in the Trust (including this Trust's interest in the Litigation Trust), and distributing

Page 2 of 14

PHX 327,966,082v13 1/2/2008
Case 4:07-bk-01578-EWH   Doc 1064-4   Filed 01/04/08   Entered 01/04/08 18:03:24
Desc Exhibit 4   Page 3 of 15

to the Beneficiaries the proceeds from the liquidation of the Trust (including any proceeds from the Litigation Trust) pursuant to the Plan.

(b) For federal tax purposes, the transfer of assets to the Trust will be treated as a deemed transfer to the Beneficiaries followed by a deemed transfer by the Beneficiaries to the Trust.

(c) The Trust will terminate no later than five years after its formation, as set out in Section 9 below. Any extension of the term of this Trust must be approved by the Bankruptcy Court prior to the scheduled termination date of this Trust.

(d) The Trustee shall file tax returns as a grantor trust pursuant to section 1.671-4(a) of the Income Tax Regulations. The Beneficiaries of the Trust shall be treated as its grantors and deemed owners of the their proportionate share of the Liquidating Trust Estate. The income of the Trust shall be allocated to the Beneficiaries proportionate to their beneficial interests in the Trust, and shall pay federal income tax on their respective proportionate amount of the income allocated to them hereunder.

(e) The Trustee shall value the assets of the Trust on a consistent basis, and all such asset valuations shall be used for all federal tax purposes.

(f) The Trustee shall distribute to the Beneficiaries at least one time annually the proportionate share of their net income accrued on the Trust through the date of distribution as well as all net proceeds from the sale of assets in excess of amounts reasonably necessary to maintain the value of the property or to meet claims or contingent liabilities (including Disputed Claims).

(g) The Trust shall not hold (i) any partnership interest in a partnership that conducts an operating business; (ii) 50% or more of the stock of a corporation that conducts operating business; or, (iii) any publicly traded stock or securities.

(h) The Trustee will make continuing efforts to dispose of the Trust's assets, make timely distributions, and not unduly prolong the duration of the Trust.

5. <u>Limitation of Liability; Unknown Property.</u> Neither the Trustee nor any of the Beneficiaries shall be personally liable with respect to any liabilities or obligations of the Trust or any liabilities or obligations relating to the Liquidating Trust Estate, including, without limitation, those arising under this Agreement or with respect to the Trust or the Liquidating Trust Estate, and all persons dealing with the Trust must look solely to the Liquidating Trust Estate for the enforcement of any claims against the Trust or the Liquidating Trust Estate. The Trustee shall be responsible for only the assets delivered to him, and shall have no duty to make, nor incur any liability for failing to make, any search for unknown property or for any liabilities.

6. <u>Rights of Beneficiaries.</u> Each Beneficiary shall be entitled to participate in the rights due to a Beneficiary hereunder. Each Beneficiary shall take and hold his beneficial interest subject to all of the terms and provisions of this Agreement and the Plan. The interest of a Beneficiary of the Trust is in all respects personal property, and

Page 3 of 14

PHX 327,966,082v13 1/2/2008
Case 4:07-bk-01578-EWH    Doc 1064-4    Filed 01/04/08    Entered 01/04/08 18:03:24
Desc Exhibit 4    Page 4 of 15

upon the death, insolvency or incapacity of an individual Beneficiary, such Beneficiary's interest shall pass to the legal representative of such Beneficiary and such death, insolvency or incapacity shall not terminate or affect the validity of this Agreement or the Trust. Upon the merger, consolidation or other similar transaction involving a Beneficiary that is not an individual, such Beneficiary's interest shall be transferred by operation of law and such transaction shall in no way terminate or affect the validity of this Agreement or the Trust. A Beneficiary shall have no title to, right to, possession of, management of, or control of, the Liquidating Trust Estate except as herein expressly provided. No surviving spouse, heir or devisee of any deceased Beneficiary shall have any right of dower, homestead, or inheritance, or of partition, or any other right, statutory or otherwise, in the Liquidating Trust Estate, but the whole title to all the Liquidating Trust Estate shall be vested in the Trustee and the sole interest of the Beneficiaries shall be the rights and benefits given to such persons under this Agreement and the Plan. The interests of the Beneficiaries will not be represented by any certificate. Notwithstanding anything to the contrary set forth in this Agreement, a Beneficiary shall cease to be a Beneficiary upon payment in full of its Allowed Claim.

7.   **Limit on Transfer of Interests of Beneficiaries**.  The interest of a Beneficiary in the Trust may not be transferred in whole or in part except by will, intestate succession, or operation of law.

8.   **No Legal Title in Beneficiaries**. No Beneficiary shall have legal title to any part of the Liquidating Trust Estate. No transfer by operation of law or otherwise, of the right, title and interest of any Beneficiary in and to the Liquidating Trust Estate or hereunder shall operate to terminate this Trust or entitle any successor or transferee of such Beneficiary to an accounting or to the transfer to it of legal title to any part of the Liquidating Trust Estate.

9.   **Duration of Trust.**  This Trust shall terminate on the earlier of (i) the date that is five (5) years after the Effective Date; or (ii) the date upon which all of the Liquidating Trust Estate has been distributed to the Beneficiaries and there are no remaining assets expected to be received in the Liquidating Trust Estate; provided, however, that the Trust shall not terminate if the Litigation Trust has not been terminated and the Trustee believes that additional assets will be distributed from the Litigation Trust to the Trust. Notwithstanding anything to the contrary set forth in this Agreement, the term of the Trust may be extended by the Trustee, with the approval of the Bankruptcy Court.

10.  **Continuance of Trust for Winding Up.** After the termination of the Trust and for the purpose of liquidating and winding up the affairs of the Trust, the Trustee shall continue to act as such until its duties have been fully performed. Upon distribution of the entire Liquidating Trust Estate, the Trustee shall retain for a period of one (1) year the books, records, Beneficiary lists, and certificates and other documents and files which shall have been delivered to or created by the Trustee. At the Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after two (2) years from the completion and winding up of the affairs of the Trust. Except as otherwise specifically provided herein, upon the discharge of all liabilities of

Page 4 of 14

PHX 327,966,082v13 1/2/2008
Case 4:07-bk-01578-EWH   Doc 1064-4   Filed 01/04/08   Entered 01/04/08 18:03:24
Desc Exhibit 4   Page 5 of 15

the Trust and final distribution of the entire Liquidating Trust Estate, the Trustee shall have no further duties or obligations hereunder.

11. <u>Trust Distributions</u>.

a. <u>Distributions Generally</u>. Notwithstanding anything to the contrary set forth in this Agreement, the Trustee shall not make any distributions to Class B Beneficiaries until all Class A Beneficiaries have been paid in full or amounts sufficient to pay all Class A Beneficiaries, in the discretion of the Trustee, have been reserved. All distributions to Class A Beneficiaries shall be made pro rata and all distributions to Class B Beneficiaries shall be made pro rata.

b. <u>Interim Distributions</u>. At least twice a year, the Trustee shall distribute the net income of the Trust plus all net proceeds and recoveries from the Liquidating Trust Estate to the Beneficiaries, provided that the Trustee shall not be required to make a distribution if or to the extent that the administrative time, costs and expenses in doing so is greater than the benefit to the Beneficiaries of such distribution as determined by the Trustee and the Trustee may retain a sufficient amount of net income and net proceeds in the Trust that the Trustee reasonably believes are necessary to maintain the value of the assets, to pay the costs and expenses of the Trust (and the costs and expenses of the Litigation Trust, to the extent necessary), including the compensation of the Trustee and the reasonable fees, expenses and costs of professionals retained by the Trust, the Litigation Trust and the Advisory Board, or to meet claims and contingent liabilities (including Disputed Claims). The Trustee shall make continuing, reasonable efforts to dispose of the assets of the Trust, make timely distributions and not unduly prolong the duration of the Trust.

c. <u>Final Distribution</u>. If the Trustee shall determine that the remaining assets of the Trust may be conveniently distributed, or if the existence of the Trust shall terminate, the Trustee shall, as expeditiously as is consistent with the conservation and protection of the Liquidating Trust Estate, distribute the Liquidating Trust Estate to the Beneficiaries.

d. <u>De Minimus Distributions</u>. The Trustee shall not be required to make any distribution to a Beneficiary if the amount of such distribution is less than $20.00.

e. <u>Reports to Advisory Board and Beneficiaries</u>. As deemed appropriate by the Trustee and the Advisory Board, the Trustee shall send to the members of the Advisory Board a written report and account showing (i) the assets and liabilities of the Trust at the end of the immediately preceding calendar quarter and the receipts and disbursements of the Trust for such calendar quarter, (ii) any changes in the Trust Assets, (iii) a general description of the activities of the Trust, and (iv) the amount of compensation paid to the Trustee for the immediately preceding calendar quarter. At the request of the Advisory Board, the Trustee shall provide such other and further information as reasonably requested by the Advisory Board from time to time. As soon as practicable after the termination of the Trust, the Trustee shall submit a final

Page 5 of 14

PHX 327,966,082v13 1/2/2008
Case 4:07-bk-01578-EWH   Doc 1064-4   Filed 01/04/08   Entered 01/04/08 18:03:24
Desc Exhibit 4   Page 6 of 15

written report to the Beneficiaries (which report shall constitute the final accounting of the Trust) showing the assets administered and the distributions made by the Trustee. The Trustee may submit a similar report for any interim period as he deems advisable. Any Beneficiary who fails to object in writing to any such report or account within sixty (60) days after such report or account is first furnished to the Beneficiaries shall be deemed to have assented thereto and approved the contents thereof.

12. **The Trustee**. The Trustee hereby agrees to accept and hold the Liquidating Trust Estate in trust for the Beneficiaries subject to and in accordance with the terms of the Plan and this Agreement.

13. **Specific Powers of Trustee**. Subject to the limitations stated below, the Trustee shall have the following specific rights and powers in addition to any powers conferred upon him by any other provision of, the Plan, this Agreement or by virtue of any present or future statute or rule of law in all instances without any action or consent required by the Beneficiaries:

(a) all the rights of a trustee appointed under 11 U.S.C. § 1106 as it relates to the Liquidating Trust Estate;

(b) to sell, transfer, assign or deal in any other manner with any of the Liquidating Trust Estate in such manner as the Trustee may deem advisable consistent with the terms of this Agreement;

(c) to collect and receive any and all money and other property of whatsoever kind or nature due or owing or belonging to the Trust and to give full discharge and acquittance therefor;

(d) pending sale or other disposition or distribution, to retain all or any assets constituting part of the Liquidating Trust Estate regardless of whether or not such assets are, or may become, underproductive, unproductive or a wasting asset (the Trustee shall be permitted to keep any part of the Liquidating Trust Estate as may be in cash, or as may be converted into cash, uninvested for a reasonable period of time and the Trustee shall not be chargeable with interest thereon);

(e) to retain and set aside funds out of the Liquidating Trust Estate as the Trustee shall deem necessary or appropriate to pay, or provide for the payment of (i) the unpaid liabilities, debts or obligations of the Trust, (ii) contingencies, and (iii) the expenses of administering the Liquidating Trust Estate;

(f) to do and perform any acts or things necessary or appropriate for the conservation and protection of the Liquidating Trust Estate, including acts or things necessary or appropriate to maintain assets held by the Trustee pending sale or other disposition thereof or distribution thereof to the Beneficiaries, and in connection therewith to employ attorneys, accountants, brokers, or other agents and to confer upon them such authority as the Trustee

Page 6 of 14

PHX 327,966,082v13 1/2/2008
Case 4:07-bk-01578-EWH    Doc 1064-4    Filed 01/04/08    Entered 01/04/08 18:03:24
Desc Exhibit 4    Page 7 of 15

may deem necessary or appropriate, and to pay reasonable compensation therefor;

(g) to engage in, commence, intervene in, prosecute, join, defend, compound, settle, compromise, abandon or adjust, by arbitration or otherwise, any actions, suits, proceedings, disputes, claims, controversies, demands or other litigation relating to the Trust, the Liquidating Trust Estate or the Trust's affairs, to enter into agreements relating to the foregoing, whether or not any suit is commenced or claim accrued or asserted and, in advance of any controversy, to enter into agreements regarding arbitration, adjudication or settlement thereof, all in the name of the Trust or the Debtor, if necessary or appropriate in the judgment of the Trustee;

(h) to file any and all documents and take any and all such other action as the Trustee, in his sole judgment, may deem necessary in order that the Trustee may lawfully carry out the purposes of the Trust in any jurisdiction;

(i) to do all things necessary or appropriate to perform any obligations required to be performed by the Trust under the terms of any agreement for the sale of any of the Trust assets, including the execution and delivery of any deeds, assignments, bills of sale or other instruments of conveyance necessary or appropriate to transfer and convey such assets;

(j) to, on behalf of the Trust as representative of the Estate, investigate commence, pursue, prosecute, and/or settle all Estate Claims;

(k) to, on behalf of the Trust as representative of the Estate, file and pursue objections to Claims and to seek to settle or disallow, recharacterize, reclassify or subordinate any of them, including seeking estimation of contingent or unliquidated Claims;

(l) to transfer to the Litigation Trust any claims or cause of action for any reason whatsoever in the discretion of the Trustee, after consultation with the Advisory Board, for prosecution by the Litigation Trust;

(m) to receive from the Litigation Trust any claims or cause of action for any reason whatsoever in the discretion of the Trustee, after consultation with the Advisory Board, for prosecution by the Trust;

(n) to consult with the Advisory Board on all matters germane to the administration, liquidation, and distribution of the Liquidating Trust Estate; and

(o) to do all other things reasonably necessary to carry out the purpose or intent of this Agreement and the Plan.

14. <u>Limitations on Trustee</u>. The Trustee shall not at any time, on behalf of the Trust or Beneficiaries, (i) enter into or engage in any trade or business except to the

Page 7 of 14

PHX 327,966,082v13 1/2/2008
Case 4:07-bk-01578-EWH   Doc 1064-4   Filed 01/04/08   Entered 01/04/08 18:03:24
Desc Exhibit 4   Page 8 of 15

extent such trade or business is incidental to the liquidation of the Liquidating Trust Estate, and no part of the Liquidating Trust Estate or the proceeds, revenue or income therefrom shall be used or disposed of by the Trust in furtherance of any prohibited trade or business, or (ii) except as provided below, reinvest any assets.

    a. The Trustee may invest and reinvest funds held in the Liquidating Trust Estate only in interest-bearing deposits or certificates of deposit issued by any federally insured banking institution or short-term investments and obligations of, or unconditionally guaranteed as to payment by, the United States of America and its agencies or institutions.

    b. The Trustee shall be restricted to the holding, collection, conservation, protection and administration of the Liquidating Trust Estate in accordance with the provisions of this Agreement and the Plan, and the payment and distribution of amounts as set forth herein for the purposes set forth in this Agreement. Any determination by the Trustee as to what actions are in the best interests of the Trust shall be determinative except as otherwise provided in section 15(b) of this Agreement.

15. <u>Liability of Trustee</u>. The Trustee shall not be liable to the Trust or any Beneficiary for any act or omission of the Trustee, Beneficiary, or agent of the Trust, or be held to any personal liability whatsoever in tort, contract, or otherwise in connection with the affairs of the Trust, except for liabilities arising from the Trustee's bad faith, gross negligence, fraud, willful misfeasance or reckless disregard of duty or law. The Trustee shall not be liable except for the performance of any duties and obligations as are specifically set forth in this Agreement and no implied covenants or obligations shall be read into this Agreement against the Trustee. In addition to, and not in limitation of the foregoing, no successor Trustee shall in any way be liable for the acts or omissions of any Trustee or agent of the Trust occurring prior to the date on which it became a Trustee.

16. <u>Advisory Board</u>.

    a. <u>Vacancies</u>. In the event of any vacancy on the Advisory Board, the remaining members shall fill the vacancy with an individual who is a Beneficiary or an employee of a Beneficiary.

    b. <u>Authorization of Advisory Board</u>. Notwithstanding anything to the contrary in this Agreement, all discretionary actions to be taken by the Trustee, including distributions to Beneficiaries, the sale or abandonment of all or any portion of the Liquidating Trust Estate, the prosecution, compromise, settlement, or abandonment of any Estate Claim, or the prosecution, compromise, settlement, or abandonment of any objection to Claim shall all be done in consultation with the Advisory Board. In the event of any disagreement between the Trustee and the Advisory Board, the decision of the Advisory Board will control. Notwithstanding the foregoing sentence, if the disagreement between the Trustee and the Advisory Board addresses (a) a sale transaction, or a series of sales transactions to the same person, proposed to be

undertaken by the Trustee that involves consideration to or for the Trust of a value of less than $500,000, (b) the Trustee's proposed abandonment or settlement of any dispute regarding any Claim or the release of any claim or Estate Claim or settlement of any litigation regarding any claim or Estate Claim which the Trustee in good faith believes has a value of less than $250,000, (c) the Trustee's proposal to not file or to settle any objection to a Claim that has a face amount that is less than $100,000, or (d) the Trustee proposes to pay an expense in an amount less than $50,000, then the Trustee's decision shall control.

c. Compensation. Members of the Advisory Board shall not be entitled to compensation for serving on the Advisory Board but shall be entitled to the reimbursement from the Trust of reasonable expenses incurred in performing their duties under this Agreement.

d. Retention of Professionals By the Advisory Board. The Advisory Board may retain and compensate professionals to assist the Advisory Board in performing its duties and obligations hereunder on terms as the Advisory Board deems appropriate, without Court approval. Professionals that may be retained by the Advisory Board may include, without limitation, any professionals who represented parties in interest in the Case, including, but not limited to, counsel for the Debtor and counsel for the Committee. The reasonable fees and expenses of the professionals retained by the Advisory Board shall be paid by the Trust from the assets of the Trust after approval by the Advisory Board.

17. No Liability. To the maximum extent permitted by law, the Trustee, the Advisory Board, its members, representatives, and professionals employed or retained by the Advisory Committee or Trustee shall (a) not have or incur liability to any Person for an act taken or omission made in good faith in connection with or related to any action taken or omitted by it pursuant to the discretion, power and authority conferred to it by the Plan, the Confirmation Order or this Agreement and (b) in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under this Agreement.

18. Express Exculpatory Clauses in Instruments. As far as practicable, the Trustee shall cause any written instrument creating an obligation of the Trust to include a reference to this Agreement and to provide that neither the Beneficiaries nor the Trustee shall be liable thereunder and that the other parties to such instrument shall look solely to the Liquidating Trust Estate for the payment of any claim thereunder or the performance thereof, provided, however, that the omission of such provision from any such instrument shall not render any Beneficiary or the Trustee liable nor shall the Trustee be liable to anyone for such omission.

19. Indemnification of Trustee and Others. The Trustee, members of the Advisory Board and any employees, agents, attorneys or other professionals retained by the Trustee, the Trust or the Advisory Board (collectively, an "Indemnified Person"), shall be entitled to indemnification out of the Liquidating Trust Estate against any losses, liabilities, expenses (including attorneys' fees and disbursements), damages,

Page 9 of 14

PHX 327,966,082v13 1/2/2008
Case 4:07-bk-01578-EWH   Doc 1064-4   Filed 01/04/08   Entered 01/04/08 18:03:24
Desc Exhibit 4   Page 10 of 15

taxes, suits or claims (collectively, "Expenses") which any Indemnified Person may incur or sustain by reason of being or having been a Trustee of the Trust, being or having been a member of the Advisory Board, or being or having been employed or retained by the Trustee, the Trust or the Advisory Board, or for performing any functions incidental to such service, employment or retention; provided, however, that the foregoing shall not relieve any Indemnified Person for liability for bad faith, gross negligence, fraud, willful misfeasance or reckless disregard of duty or law. The indemnification provided in this paragraph shall not be deemed exclusive of any other rights to which any Indemnified Person may be entitled pursuant to any other agreement or otherwise, and shall continue as to a person or entity that has ceased to be a Trustee, ceased to be a member of the Advisory Board, or ceased to be employed or retained by the Trustee, the Trust or the Advisory Board and shall inure to the benefit of the successor and legal representatives of such person or entity.

20. **Protection of Persons Dealing with the Trustee**. Any transfer of the Liquidating Trust Estate, or part thereof, shall bind the Beneficiaries and shall be effective to transfer all right, title and interest of the Trustee and the Beneficiaries in and to the Liquidating Trust Estate or such part thereof. No purchaser of the Liquidating Trust Estate or any portion thereof shall be required to inquire as to the authorization, necessity, expediency or regularity of such transfer or as to the application of any proceeds thereof. Any person dealing with the Trustee shall be fully protected in relying upon a certificate signed by the Trustee that he has authority to take any action under this Agreement.

21. **Compensation and Reimbursement of Trustee**.

    a. **Compensation of Trustee.** As compensation for his services as Trustee and all fees of any affiliate of the Trustee under this Agreement, the Trustee shall be entitled to receive from the Liquidating Trust Estate a fee equal to (i) three percent (3%) of all funds distributed or paid to Beneficiaries or the Litigation Trust other than the Litigation Trust Start-Up Cash; and (ii) one percent (1%) of all funds distributed or paid to individuals or entities other than Beneficiaries.

    b. **Reimbursement of Expenses**. The Trustee shall be reimbursed out of the Liquidating Trust Estate for all expenses (including fees and expenses of legal counsel and other advisors) reasonably incurred in accordance with this Agreement. The Trustee shall have the right to deduct from the Liquidating Trust Estate any funds deemed necessary by the Trustee to pay for any unpaid compensation for his services and to pay any loss, cost, damage, fee or expense (including counsel fees) incurred by the Trustee as a result of his acting as Trustee hereunder or in connection with the performance of his duties under this Agreement.

    c. **Retention of Professionals and Other Persons**. The Trust and the Trustee may retain and compensate Persons and professionals to assist the Trust and the Trustee in performing its duties and obligations hereunder on terms as Trustee deems appropriate, after consultation with and approval by the Advisory Board, without Court approval. Persons and professionals that may be retained by the Trust and the

Trustee may include, without limitation, any Persons or professionals who represented parties in interest in the Case, including, but not limited to, counsel for the Debtor and counsel for the Committee, but shall not include any affiliate of the Trustee. The reasonable fees and expenses of the Persons and professionals retained by the Trust and/or the Trustee shall be paid by the Trust from the assets of the Trust after approval by the Trustee and the Advisory Board. As applicable, the Trustee shall utilize the services of any firm affiliated with the Trustee, and the compensation for such services shall not be in addition to the compensation provided for in Section 20(a) of this Agreement.

22. **Resignation or Removal of Trustee**. The resignation or removal of the Trustee and appointment of a successor Trustee shall become effective only upon the successor Trustee's acceptance of appointment in accordance with the provisions of this Agreement. The Trustee may resign from the Trust by mailing notice thereof to the Advisory Board which notice shall constitute notice for a meeting of the Advisory Board to elect a successor Trustee in accordance with this Agreement. If the Trustee resigns, dies or becomes incapacitated, the Advisory Board shall elect a successor Trustee to replace the Trustee. The Trustee may be removed by the vote of the Advisory Board. Notwithstanding the foregoing, the Trustee or any Beneficiary may petition the Bankruptcy Court or any other court of competent jurisdiction for the appointment of a successor Trustee if a vacancy exists and a successor Trustee has not been appointed.

    a. **Acceptance of Appointment by Successor Trustee**. Any successor Trustee appointed hereunder shall execute an instrument accepting such appointment and assuming all of the obligations of the retiring Trustee hereunder and thereupon the successor Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts, and duties of its predecessor in the Trust hereunder with like effect as if originally named herein; but the retiring Trustee nevertheless shall, when requested in writing by the successor Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Trustee upon the trust herein expressed, all the estates, properties, rights, powers and trusts of such retiring Trustee, and shall duly assign, transfer, and deliver to such successor Trustee all property and money held hereunder.

23. **The Hold Account**. The Hold Account shall be held by the Trustee as a separate account until the interests of the parties with respect to the funds held in the Hold Account are determined by the Bankruptcy Court or resolved by the Trust.

24. **Bond Requirement**. The Trustee shall, at the expense of the Trust, procure a performance bond or bonds in the initial amount equal to at least one hundred ten percent (110%) of the amount of cash in the Liquidating Trust Estate written by an insurance or bonding company authorized to do business in the State in which the Trustee resides, and written on standard and customary bond form.

25. **Insurance**. The Trustee shall be authorized to obtain and pay for out of Trust all reasonably necessary insurance coverage for the Trust, the Advisory Board and the Persons and professionals retained by the Trust, the Trustee and the Advisory

Board, which insurance coverage shall include, but not limited to, coverage with respect to (i) any property that is or may in the future become the property of the Trust and (ii) the liabilities, duties and obligations of the Trustee, the Advisory Board or the Persons and Professionals retained by the Trust, the Trustee and the Advisory Board, as the case may be, in the form of an errors and omissions policy or otherwise, which insurance coverage may remain in effect for a reasonable period after the termination of this Agreement.

26. <u>Joint Litigation Privilege.</u> All communications, whether in writing or oral, among, and all documents exchanged among, the Trustee, and its agents and representatives, on the one hand, and the Advisory Board, and its agents and representatives, on the other hand, as well as all communications, whether in writing or oral, among, and all documents exchanged among, the Trustee, and its agents and representatives, on the one hand, and the Litigation Trustee, and its agents and representatives, on the other hand, shall be for all purposes deemed to be, and treated as, privilege communications, not subject to discovery, disclosure, or process seeking same, based upon their common interests, joint litigation privileges, and joint attorney-work product protections, of the Liquidating Trustee and the Advisory Board and the Litigation Trustee with respect to all matters pertaining to the Plan and this Agreement, except for matters pertaining to the compensation of the Liquidating Trustee.

27. <u>Jurisdiction.</u> The Bankruptcy Court shall retain jurisdiction to enforce this Trust Agreement in order to effectuate the provisions of the Plan and to resolve any dispute that may arise among the parties or which may arise in connection with the administration of the Trust; provided however, that notwithstanding the foregoing, the Trustee shall have the power and authority to bring any action in any court of competent jurisdiction to prosecute any Estate Claims.

28. <u>Amendments.</u> This Agreement may be amended by a writing executed by the Trustee, and the Advisory Board after the Effective Date to the extent not inconsistent with the Plan.

28. <u>Severability of Provisions.</u> Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions of this Agreement or affecting the validity or enforceability of any of the terms or provisions of this Agreement in any other jurisdiction.

29. <u>GOVERNING LAW.</u> THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF DELAWARE APPLICABLE TO AGREEMENTS MADE AND TO BE WHOLLY PERFORMED IN SUCH STATE.

30. <u>Conflicts with Plan</u>. In the event any provision of this Agreement conflicts with any provision of the Plan, the provision of the Plan shall govern.

IN WITNESS WHEREOF, this Agreement has been duly executed as of the date first above written.

    MORRIS C. AARON, solely in his capacity as Trustee

_____
Morris C. Aaron

FIRST MAGNUS FINANCIAL CORPORATION

By:_____
Name:_____
Title:_____

Case 4:07-bk-01578-EWH   Doc 1064-4   Filed 01/04/08   Entered 01/04/08 18:03:24   Desc Exhibit 4   Page 14 of 15

## Exhibit A

All property of the Debtor, including but not limited to all of the Debtor's cash, real property, personal property, intellectual property, rights, causes of action, books and records and privileges, <u>except</u> any Estate Tort and Other Claims.

Page 14 of 14

PHX 327,966,082v13 1/2/2008
Case 4:07-bk-01578-EWH    Doc 1064-4    Filed 01/04/08    Entered 01/04/08 18:03:24
Desc Exhibit 4    Page 15 of 15