**SIGNED.**

Dated: January 08, 2008



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>FIRST MAGNUS FINANCIAL CORPORATION,<br><br>Debtor. | In Proceedings Under Chapter 11<br><br>NO. 4-07-bk-01578-JMM<br><br>**ORDER APPROVING SECOND AMENDED DISCLOSURE STATEMENT DATED JANUARY 4, 2008 AND FIXING THE TIME FOR FILING ACCEPTANCE OR REJECTION OF PLAN, COMBINED WITH NOTICE THEREOF**<br><br>**Plan Confirmation Hearing**<br>Date: February 7 and 8, 2008<br>Time: 9:30 a.m. |

THIS MATTER COMES BEFORE THE COURT pursuant to the *Second Amended Disclosure Statement In Support Of Second Amended Plan Of Liquidation Filed By First Magnus Financial Corporation Dated January 4, 2008* (the "Disclosure Statement") filed by First Magnus Financial Corporation ("First Magnus" or "Debtor"), debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Bankruptcy Case") in support of the *Second Amended Chapter 11 Plan Of Liquidation Filed By First Magnus Financial Corporation Dated January 4, 2008* (the "Plan"). The Debtor requests that the Court

*PHX 328,035,723v1 1/4/2008*
Case 4:07-bk-01578-EWH   Doc 1080   Filed 01/08/08   Entered 01/09/08 12:34:56   Desc
Main Document   Page 1 of 4

approve the Disclosure Statement as containing adequate information as required by, and within the meaning of, 11 U.S.C. § 1125.

Objections to the Disclosure Statement were filed by WNS North America, Inc. ("WNS"), Docusafe of Phoenix, Inc. ("Docusafe"), UBS Real Estate Securities, Inc. ("UBS"), Countrywide Home Loans, Inc. and Countrywide Warehouse Lending ("Countrywide"), WC Partners, and the Maricopa County Treasurer. On December 5, 2007, the Debtor filed the *Notice of Filing Redline Comparisons Of Proposed Revisions To: (1) First Amended Disclosure Statement; (2) First Amended Plan; And (3) Liquidating Trust Agreement* and the *Notice of Filing Clean Versions Of Proposed Revisions To: (1) First Amended Disclosure Statement; (2) First Amended Plan; And (3) Liquidating Trust Agreement* (the "First Revisions") after consultation with the Committee and certain of the Objecting Parties.

On December 12, 2007, the Court held a hearing on the Disclosure Statement; and on December 14, 2007, the Court entered the "Memorandum Decision Re: Debtor's Proposed First Amended Disclosure Statement" and "Order Re: Debtor's Proposed First Amended Disclosure Statement" detailing proposed revisions to the Disclosure Statement necessary to resolve the outstanding objections and the Court's concerns regarding the adequacy of the information contained in the Disclosure Statement. On January 2, 2008, the Debtor filed the *Notice of Filing Redline Comparisons of Additional Revisions to: (1) First Amended Disclosure Statement; (2) First Amended Plan; and (3) Liquidating Trust Agreement* and the *Notice of Filing Clean Versions of Additional Revisions to (1) First Amended Disclosure Statement; (2) First Amended Plan; (3) Liquidating Trust Agreement; and (4) Litigation Trust Agreement* (the "Second Revisions"). On January 4, 2008, the Court held a further hearing on the Disclosure Statement. Following the

hearing, the Debtor filed the revised versions of the Plan and Disclosure Statement reflecting the Second Revisions.

The Court has reviewed and considered the Disclosure Statement, the First Revisions, and the Second Revisions, and has heard the arguments, statements, and stipulations from counsel for the Objecting Parties, the Debtor, the Committee, and other creditors and interested parties. Based on all of the foregoing, including the record of the December 7, 2007 and January 4, 2008 hearings, and good cause appearing,

THE COURTS FINDS AND CONCLUDES THAT:

A. The Court has jurisdiction over the Bankruptcy Case pursuant to 28 U.S.C. § 1334(b), and the requested approval of the Disclosure Statement presents a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B. All creditors and parties in interest received due and sufficient notice and no other or further notice is necessary or required.

C. All objections to the Disclosure Statement have either been resolved through the revisions to the Disclosure Statement or are hereby overruled on the merits.

D. The Disclosure Statement contains adequate information as required by, and within the meaning of, 11 U.S.C. § 1125; therefore,

IT IS HEREBY ORDERED that:

1. The Disclosure Statement is approved.

2. As soon as practicable following the entry of this Order, the Debtor is directed to cause true and correct copies of the Disclosure Statement (and all Exhibits thereto, which includes the Plan), a copy of this Order, and a Ballot, substantially similar in form to Official Form No. 30, to be mailed to the United States Trustee, the Committee, and all creditors and equity security holders.

-3-

3. All Ballots accepting or rejecting the Plan must be in writing, signed, and delivered via email, facsimile, courier, hand-delivery, or U.S. Mail (postage prepaid), to counsel for the Debtor at the following address such that it is <u>received</u> on or before 5:00 p.m. Local Time in Phoenix, Arizona on February 4, 2008:

> Attn.: Susie C. Vasquez
> Greenberg Traurig LLP
> 2375 E. Camelback Road, Suite 700
> Phoenix, AZ 85016
> Facsimile No. (602) 445-8100
> Via Email: vasquezs@gtlaw.com

4. Any objections to confirmation of the Plan must be in writing, filed with the Court, and served on counsel for the Debtor on or before 5:00 p.m. Local Time in Phoenix, Arizona on February 4, 2008.

5. The Court will hold hearings on the proposed confirmation of the Plan on February 7 and 8, 2008 beginning at 9:30 a.m. each day. The hearings will be at the United States Bankruptcy Court, 38 South Scott Avenue, Courtroom 446, Tucson, Arizona 85701. Thereafter, the confirmation hearing may be continued from time to time with any further notice, except such notice is as given during the confirmation hearing.

6. The Debtor shall file a Ballot Report prior to the February 7, 2008 hearing.

**DATED AND SIGNED ABOVE.**

