ROBERT E. MICHAEL & ASSOCIATES PLLC
ROBERT E. MICHAEL
950 Third Avenue, Suite 2500
New York, NY 10022
Telephone: (212) 758-4606
Facsimile: (212) 319-8922

DeCONCINI McDONALD YETWIN & LACY, P.C.
NANCY J. MARCH (AZ# 012802)
2525 E. Broadway Blvd., Suite 200
Tucson, AZ 85716
Telephone: (520) 322-5000
Facsimile: (520) 322-5585

Attorneys for WNS North America, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>FIRST MAGNUS FINANCIAL CORPORATION,<br><br>Debtor. | Chapter 11 Proceeding<br><br>No. 4:07-bk-01578-JMM<br><br>**MOTION OF WNS NORTH AMERICA, INC. FOR TEMPORARY ALLOWANCE OF ITS REJECTION DAMAGES CLAIM FOR VOTING PURPOSES**<br><br>(HEARING TO BE REQUESTED) |

WNS North America, Inc. ("WNS"), by and through its duly authorized attorneys undersigned, hereby files this Motion for temporary allowance of its rejection damages claim for voting purposes pursuant to 11 U.S.C. §§ 1126(a), 105, and Bankruptcy Rule 3018(a). On January 30, 2008, the debtor, First Magnus Financial Corporation ("First Magnus" or the "Debtor"), filed an eleventh-hour objection styled First Magnus Financial Corporation's Third Omnibus Objection to Untimely Filed Claims Pursuant to 11 U.S.C. §§ 502(b)(9) and 105, Bankruptcy Rule 3007, and Local Rule 3007-1 (the "Objection"). The Objection included an improper objection to the claim for rejection damages in the amount of $11,679,282.15 filed by WNS on January 4, 2008 (the "WNS Rejection Damages Claim"), on the grounds that the WNS Rejection Damages Claim was purportedly filed 1 day late. Because Ballots on the Debtor's plan had to be received by the Debtor within 2 days after the unfounded Objection was filed

(while the lawyers in this case were in all-day depositions), WNS filed its Ballots rejecting Debtor's plan, including a Ballot with respect to the WNS Rejection Damages Claim, before filing this Motion for Temporary Allowance.

WNS should be allowed to cast a Ballot on the Debtor's <u>Second Amended Plan of Liquidation Filed by First Magnus Financial Corporation Dated January 4, 2007</u> [sic] (the "Plan") with respect to each of its claims, including the WNS Rejection Damages Claim, since the claim is not untimely. This Court conducted a hearing on December 7, 2007 on the Debtor's objection to the proposed form of Order rejecting its executory contracts with WNS (the "Rejection Hearing"). As the Court will recall, the Debtor and the Official Committee of Unsecured Creditors objected to the Order submitted by WNS, because it provided for the rejection of *all* unexpired contracts between WNS and the Debtor. There had been some confusion, primarily on the part of the Debtor, leading to the vacating by the Court of its prior Order rejecting these same contracts. At the Rejection Hearing, the Court (after noting that the Debtor's conduct in this matter raised in the Court's mind the desirability then and there of converting the Case into one under Chapter 7) ruled that the entire relationship between WNS and the Debtor was severed. The Court then gave WNS 30 days to file its rejection claim (the same amount of time after the Confirmation Date that the Plan provides for Executory Contracts that are rejected thereby to file their Claims[1]), deciding that it would not need to issue a new Order, merely applying the prior rejection order *mutatis mutandis* to the revised circumstance. Thirty days from the date of the Rejection Hearing was January 6, 2008. Since that date fell on a weekend, WNS filed the WNS Rejection Damages Claim on Friday, January 4, 2008. Therefore, the Rejection Damages Claim was timely.

Hearing on confirmation of the Plan is scheduled to commence on February 7, 2008 (the "Plan Confirmation Hearing"). Pursuant to the Objection and accompanying Notice, WNS is not required to respond to the Objection until February 14, 2008, which is after the initial date for

---

[1] Plan §8.1: '[A]ny and all Creditors or persons with Claims against the Debtor's Estate arising out of or in connection with or due to the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan shall have thirty (30) days from the Confirmation Date within which to file a proof of claim in the true amount of such Claims."

the Plan Confirmation Hearing. The Objections have not been adjudicated by the Court and, as a result, WNS does not yet have an allowed claim pursuant to 11 U.S.C § 502 that may vote on the Debtor's Plan under 11 U.S.C. § 1126(a).

Bankruptcy Rule 3018(a) provides that, "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." The decision to temporarily allow a claim is left to the court's discretion. *In re Marin Town Ctr.*, 142 B.R. 374, 379 (N.D. Cal. 1992). Temporary allowance of a claim is proper when fully hearing and deciding upon an objection would delay administration of the case. *See In re Armstrong*, 294 B.R. 344, 354 (10th Cir. B.A.P. 2003) (quoting 9 Collier on Bankruptcy ¶ 3018.01[5] (Lawrence P. King ed., 15th ed. 2003)). Temporarily allowing the WNS Rejection Claim is appropriate in this liquidating case given that no distributions are expected to occur for some time, and since the deadline to respond to the Objection has not yet occurred.

Accordingly, WNS respectfully requests that the WNS Rejection Damages Claim in the amount of $11,679,282.15 be temporarily allowed in that amount for purposes of voting to accept or reject the Plan. WNS further requests such additional and other relief as is necessary and appropriate under the circumstances of this case.

DATED: February 6th, 2008

Robert E. Michael
ROBERT E. MICHAEL & ASSOCIATES, PLLC
950 Third Avenue, Suite 2500
New York, NY 10022

DeCONCINI McDONALD YETWIN & LACY, P.C.
2525 E. Broadway Blvd., Suite 200
Tucson, Arizona 85716

By _____
Nancy J. March
Attorneys for WNS North America, Inc.

COPIES of the foregoing were
delivered by electronic mail this
6th day of February, 2008, to:

| | |
|---|---|
| John R. Clemency<br>Todd Burgess<br>GREENBERG TRAURIG, LLP<br>2375 East Camelback Road, Suite 700<br>Phoenix, Arizona 85016 | clemencyj@gtlaw.com<br>burgesst@gtlaw.com |
| James P.S. Leshaw<br>GREENBURG TRAURIG<br>1221 Brickell Avenue<br>Miami, Fl 33131 | leshawj@gtlaw.com |
| Michael D. Warner<br>WARNER STEVENS, L.L.P.<br>301 Commerce Street, Suite 1700<br>Fort Worth, Texas 76102 | mwarner@warnerstevens.com |

*/s/ Linda A. Davis*

I:\FILES\DOCS\WNS001\270972\PLDG\HC1667.DOC