IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re

FIRST MAGNUS FINANCIAL CORPORATION,

Debtor.

Chapter 11

Case No. 4-07-bk-01578-JMM

**ORDER CONFIRMING SECOND AMENDED PLAN OF LIQUIDATION DATED JANUARY 4, 2008 FILED BY FIRST MAGNUS FINANCIAL CORPORATION**

This matter came before the Court pursuant to the *Second Amended Plan of Liquidation Filed By First Magnus Financial Corporation Dated January 4, 2008* [Docket No. 1065] (the "Plan") filed by First Magnus Financial Corporation, an Arizona corporation, the debtor and debtor in possession in the above-captioned Chapter 11 case ("First Magnus" or the "Debtor") [Docket No. 1064], which modified the "*First Amended Plan of Liquidation Filed By First Magnus Financial Corporation Dated October 30, 2007*" (the "First Amended Plan") filed on October 30, 2007 by First Magnus. (Docket No. 501). On February 15, 2008, the Bankruptcy Court issued its Memorandum Decision confirming the Plan (the "Memorandum Decision") [Docket No. 1447] and ordered that this Order be lodged by the Debtor. On February 22, 2008,

the Debtor filed the *Amended Ballot Count Summary - Minus Claims Subject to Objection* [Docket No. ___] (the "Final Ballot Report") prepared by MCA Financial Group, Ltd.

First Magnus requests confirmation of the Plan pursuant to 11 U.S.C. §1129(a) and (b). Unless otherwise stated, capitalized terms used in this Order will correspond to the defined terms in Article I of the Plan.

The following objections (collectively, the "Objections") to the Plan were filed with the Court: (i) the *Objection To Confirmation Of Debtor's Second Amended Plan Of Liquidation* (the "Pima Objection") filed by Pima County ("Pima County") on February 1, 2008 (Docket No. 1217); (ii) the *Objection Of Wells Fargo Funding, Inc To Confirmation Of The Second Amended Plan Of Liquidation Filed By First Magnus Financial Corporation Dated January 4, 2008* (the "Wells Fargo Objection") filed by Wells Fargo Funding ("Wells Fargo") on February 4, 2008 (Docket No. 1224); (iii) the *Objections To Debtor's Second Amended Plan Of Liquidation* (the "WC Objection") filed by WC Partners ("WC") on February 4, 2008 (Docket No. 1322); (iv) the *Maricopa County Treasurer's Objection To Debtor's Second Amended Plan Of Liquidation* (the "Maricopa Objection") filed by the Maricopa County Treasurer ("Maricopa County") on February 4, 2008 (Docket No. 1233); (v) *Plaintiff's And The WARN Claimants Objections To Confirmation Of Debtor's Second Amended Plan Of Liquidation* (the "WARN Objection") filed by various plaintiffs in Adversary 4-07-ap-00060-JMM (the "Warn Plaintiffs") on February 4, 2008 (Docket No. 1234); and (vi) the *Objection Of Creditor WNS North America, Inc. To Confirmation Of Second Amended Plan Of Liquidation Filed By First Magnus Financial Corporation Dated January 4, 2007 [SIC]* (the "WNS Objection") filed by WNS North America, Inc. ("WNS") on February 4, 2008 (Docket No. 1235). No other creditor or party in interest objected to the confirmation of the Plan.

On February 7, 2008, the Court commenced the Confirmation Hearing. At the Confirmation Hearing, counsel for First Magnus announced the following clarifications or non-material modifications to the Plan (as more fully set forth in subparagraphs (a) - (i) below, the "Plan Amendments"):

(a) The holders of Allowed Priority Tax Claims under §4.2 of the Plan will receive interest in accordance with §511 of the Bankruptcy Code. The alleged Claim of Maricopa County shall be treated as a Class 2 Claim and shall be paid interest consistent with 11 U.S.C. § 511 to the extent such Claim becomes an Allowed Claim, thereby resolving the Maricopa Objection.

(b) Funds in the Hold Account will not be used to pay Allowed Claims until the Court determines the interests (if any) of Secured Creditors, Repo Participants, and other parties in interest to Cash in the Hold Account in accordance with §9.3.6 of the Plan (the "§9.3.6 Determinations"), and the Liquidating Trustee will seek the §9.3.6 Determinations from the Bankruptcy Court no later than thirty (30) days following the Effective Date. Parties to the §9.3.6 Determinations shall have all of their substantive and procedural rights existing under applicable state and federal law to assert their claims, defenses, and interests in and to the Cash held in the Hold Account. With the clarification on the use of Cash in the Hold Account, the Wells Fargo Objection is resolved.

(c) In accordance with §12.1 of the Plan, and because the Plan is a liquidating plan, First Magnus will not receive a discharge upon entry of the Confirmation Order. In addition, nothing in the Plan, including §§13.13 or 13.17 of the Plan, results in a discharge of any other Person for Claims arising prior to the Petition Date. With the clarification on the effect of confirmation of the Plan on the rights of Creditors to pursue Claims against third parties, the Pima Objection is resolved.

(d) The clarification to the treatment of the Class 6 Claim of Wamu under (among other things) §5.5 of the Plan, as expressed in the *Stipulation Between The Debtor, The Committee, and Washington Mutual Bank Reserving Rights* dated February 5, 2008 (the "WaMu Stipulation") [Docket No. 1242], averted a potential objection of a Warehouse Lender. Accordingly, the Wamu Stipulation is approved.

(e) The definition of "Disputed Claim" set forth in § 1.34 of the Plan is hereby amended and modified to provide as follows:

Disputed Claim shall mean any Claim that is not an Allowed Claim or a Disallowed Claim and that has not been barred or otherwise disallowed or paid or otherwise satisfied. In the event that only a part of a Claim is a Disputed Claim, only the disputed part of the Claim shall be deemed to constitute a Disputed Claim for purpose of distribution under the Plan; provided, however, nothing in this definition is intended to or does impair the rights of any holder of a Disputed Claim to pursue its rights under Section 502(c) of the Bankruptcy Code.

(f) In accordance with § 10.2 of the Plan, the Liquidating Trustee will reserve an appropriate amount of funds to pay the Disputed Warn Act Claims, if ever they become Allowed Claims. With that clarification, the objection of the Warn Plaintiffs is resolved.

(g) In accordance with Article VII of the Plan, on the Effective Date, all assets of the Debtor, except those assets specifically assigned to the Litigation Trust, shall be assigned to the Liquidating Trust for administration, liquidation, and distribution in accordance with the terms of the Plan. To the extent that a party to a rejected Executory Contract or Unexpired Lease has already timely filed a proof of claim prior to the Confirmation Date, such party shall not be required to re-file a proof of claim after the Confirmation Date. With those clarifications to the Plan, the WC Objection is resolved.

(h) The modification of the treatment of the Claims of Countrywide Warehouse Lending ("CWL") and Countrywide Home Loans, Inc. ("CHL," and together with CWL, "Countrywide") as more fully set forth in the *Plan Support Stipulation Between First Magnus Financial Corporation, Countrywide Warehouse Lending, and Countrywide Home Loans, Inc. Dated February 6, 2008* (the "Countrywide Stipulation") [Docket No. 1256] resolved a potential Plan objection by Countrywide. On February 13, 2008, the Debtor filed the *Motion to Approve Plan Support Stipulation By And Between First Magnus Financial Corporation, Countrywide Warehouse Lending And Countrywide Home Loans, Inc. Pursuant To Section 105 Of The Bankruptcy Code And Bankruptcy Rule 9019* [Docket No. 1378] (the "Countrywide Motion"). The Plan is deemed amended to incorporate by reference the terms of the Countrywide Stipulation, which is hereby approved. Any appeal of this Order shall not

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

PHX 328,117,640v3 2/22/2008

4

affect the effectiveness of any other order approving the Countrywide Stipulation, including any order approving the Countrywide Motion.

(i) First Magnus and UBS Real Estate Securities Inc. ("UBS RES") have negotiated a settlement, that was first evidenced by a Term Sheet that was signed on behalf of the Parties on February 6, 2008 and presented to the Bankruptcy Court on February 7, 2008 as an amendment to the Plan. First Magnus and UBS RES further documented the Settlement pursuant to the *Settlement Agreement* dated as of February 6, 2008, which was executed by First Magnus and UBS RES on February 13, 2008 (the "UBS Settlement"). On February 12, 2008, First Magnus filed the *Debtor's Motion for an Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement Between the Debtor and UBS Real Estate Securities, Inc.* (the "UBS Settlement Motion") seeking the entry of an order (the "UBS Settlement Approval Order") approving the UBS Settlement pursuant to Bankruptcy Rule 9019. The Plan is amended to incorporate by reference the terms of the UBS Settlement, which shall govern the treatment of all Claims alleged by UBS RES and the UBS Affiliates in the Bankruptcy Case, thereby resolving a potential Plan objection by UBS RES. Any appeal of this Order shall not affect the effectiveness of any other order approving the UBS Settlement, including any order approving the UBS Settlement Motion.

At the Confirmation Hearing, the Court received testimony and documentary evidence presented by First Magnus in support of confirmation of the Plan. The parties filing Objections were provided a full and fair opportunity to present evidence in opposition to confirmation of the Plan. In addition to the evidence presented at the Confirmation Hearing, the Court has considered the unresolved Objections, the Plan Amendments, the Final Ballot Report, the *Memorandum of Law in Support of Confirmation of Second Amended Plan of Liquidation Proposed By First Magnus Financial Corporation"* filed by First Magnus Financial Corporation on February 7, 2008 [Docket. No. 1265], *Statement of Official Committee of Unsecured Creditors In Support of Confirmation of Second Amended Plan of Liquidation by First Magnus Financial Corporation Dated January 4, 2008*, filed on February 6, 2008

[Docket Number 1248]; the arguments of counsel for the Debtor, the Committee and for other parties at the Confirmation Hearing, and all other germane matters of record before the Court in the Bankruptcy Case.

On February 19, 2008, WNS filed the *Motion for Reconsideration and Alteration or Amendment of Judgment* [Docket No. 1488] (the "WNS Motion for Reconsideration") asking the Court to reconsider, alter, or amend the Memorandum Decision and deny confirmation of the Plan. On February 22, 2008, the Debtor filed the *Debtor's Response In Opposition To Motion Of WNS North America, Inc. For Reconsideration And Alteration Or Amendment Of Judgment* [Docket No. 1527] (the "Debtor's Response") in opposition to the WNS Motion for Reconsideration. On February 28, 2008, the Court held a hearing on the WNS Motion for Reconsideration. After full and fair consideration of the WNS Motion for Reconsideration, the Debtor's Response, the Final Ballot Report, and the arguments of counsel for the Debtor, WNS, the Committee and for other parties, and all other germane matters of record before the Court in the Bankruptcy Case, the Court denied the WNS Motion for Reconsideration. Based on the foregoing, for the reasons set forth in the Memorandum Decision, and pursuant to Federal Rules of Bankruptcy Procedure 2002, 3017, 3018, 3019, 7052 and 9014, and all applicable provisions of the Bankruptcy Code, the Court hereby finds and concludes as follows:

**A. Jurisdiction.**

The Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

**B. Compliance with the Requirements of Section 1129 of the Bankruptcy Code.**

For the reasons set forth in the Memorandum Decision, the Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code.

**C. Satisfaction or Waiver of Conditions to Confirmation.**

All conditions to Confirmation of the Plan have been satisfied or have been waived by the Debtor.

D. **Validity of Confirmation Order.**

Unless otherwise provided by law, the reversal or modification of the Confirmation Order on appeal shall not affect the validity of the Plan, or any agreement or action authorized by the Confirmation Order or under the Plan with respect to any entity acting in good faith, whether or not that entity knows of the appeal, unless the Confirmation Order is stayed pending appeal.

E. ~~No~~ 10-Day Stay.

The Debtor has demonstrated good cause, and it is not in the best interests of the Debtor, its Estate, and creditors, for this Court to waive the 10-day stay provided for in Bankruptcy Rule 3020(e).

Based on the foregoing, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. To the extent that Objections have not been resolved through the Plan Amendments set forth above, the Objections to confirmation of the Plan are overruled. The Plan Amendments are approved, and the Plan shall be deemed amended consistent with the Plan Amendments.

2. The Plan (as clarified and modified by this Confirmation Order) is incorporated herein as the Order of the Court and is confirmed and approved in all respects. The Plan and all transactions and agreements referred to therein, contemplated thereunder, or executed in connection therewith, are approved and First Magnus, the Liquidating Trustee, the Litigation Trustee and the Advisory Board are authorized to act in accordance with the terms of the Plan.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

PHX 328,117,640v3 2/22/2008

7

3. The failure to reference or discuss any particular provision of the Plan in this Order shall have no effect on this Court's approval and authorization of, or the validity, binding effect, and enforceability of, such provision; and each provision of the Plan is authorized and approved and shall have the same validity, binding effect, and enforceability as every other provision of the Plan, whether or not mentioned in this Order.

4. The provisions of this Plan are binding upon the Debtor, its Estate, all Creditors and all Equity Security Interest Holders, regardless of whether such Claims or Equity Security Interest Holders are impaired or whether such parties voted to accept the Plan.

5. The Liquidating Trust Agreement, the establishment of the Liquidating Trust, and the appointment of the Liquidating Trustee, and of Morris C. Aaron as the Liquidating Trustee, effective as of the Effective Date, are approved and the Debtor is authorized and directed to take all actions necessary to consummate the terms of the Liquidating Trust Agreement and to establish the Liquidating Trust, including the transfer of the Remaining Assets to the Liquidating Trust.

6. The Litigation Trust Agreement, the establishment of the Litigation Trust and the appointment of the Litigation Trustee, and of Larry Lattig as the Litigation Trustee, effective as of the Effective Date, are approved and the Debtor is authorized and directed to take all actions necessary to consummate the terms of the Litigation Trust Agreement and to establish the Litigation Trust, including the transfer of the Estate Tort and Other Claims to the Litigation Trust and of funds from the Debtor to the Litigation Trust.

7. The Debtor, the Debtor's officers, the Liquidating Trustee, and the Litigation Trustee are authorized to take all actions necessary to implement the Plan and the transactions contemplated therein in accordance with the terms of the Plan, and are authorized to execute,

SIGNED

deliver, file, or record such contracts, instruments, notes, releases, mortgages, deeds, leasehold deeds of trust, assignments, or other agreements or documents, and to take such other actions as they may determine to be necessary or desirable to effectuate this Order, the Plan, and the other transactions contemplated therein or thereby, all without further notice or application to or order of this Court, and regardless of whether such actions or documents are specifically referred to in this Order, the Plan, or the exhibits and annexes to any of the foregoing. To the extent that, under applicable nonbankruptcy law, any of the foregoing actions otherwise would require the consent or approval of the directors, officers, or shareholders of the Debtor, this Order shall constitute such consent and approval.

8. All requests for payment of Administrative Expenses, except for Professional Fee Claims, must be filed and served no later than thirty (30) days after the Confirmation Date. Any such request that is not filed within this deadline shall be forever barred; and any holders of Administrative Expenses who are required to file a request for payment of such Administrative Expenses who do not file such requests by such deadline shall be forever barred from asserting such Administrative Expenses against the Debtor, the Estates the Liquidating Trust, the Litigation Trust, or any of their respective property.

9. All applications for final compensation of Professional Fee Claims for services rendered and for reimbursement of expenses incurred on or before the Confirmation Date shall be filed no later than twenty (20) days after the Confirmation Date.

10. On and after the Effective Date, the Liquidating Trust, the Litigation Trust, the Liquidating Trustee and the Litigation Trustee shall have all the powers and duties set forth in the Plan and in the Liquidating Trust Agreement and the Litigation Trust Agreement.

PHX 328,117,640v3 2/22/2008    9

Case 4:07-bk-01578-EWH   Doc 1589   Filed 02/28/08   Entered 02/29/08 09:41:13   Desc
Main Document    Page 9 of 11

11. The following appointments to the Advisory Board are approved: (1) National Bank of Arizona (Kenneth Goldstein), (2) Hilton & Meyers Advertising, Inc. (Doug Meyers), and (3) Pyro Brand Development, LLC (John Beitter).

12. Effective as of the Effective Date, all Executory Contracts and Unexpired Leases that have not been assumed or rejected by a separate order of the Bankruptcy Court are rejected pursuant to 11 U.S.C. § 365.

13. In accordance with § 1146(a) of the Bankruptcy Code, any and all transfers of property made pursuant to the Plan shall not be taxed under any law imposing a stamp tax or similar tax.

14. In accordance with § 13.14 of the Plan, all transactions effected by the Debtor and/or the Committee during the period commencing on the Petition Date and ending on the Confirmation Date are hereby ratified.

15. The Debtor shall, until a final decree is entered closing the Bankruptcy Case, file all required reports and pay all quarterly fees to the United States Trustee.

21. On the Effective Date, the Committee shall automatically dissolve and the members thereof and the Professional Persons retained by the Committee in accordance with Section 1103 of the Bankruptcy Code shall be released and discharged from their respective duties and obligations.

22. The Bankruptcy Court retains jurisdiction of the Bankruptcy Case pursuant to and for the purposes of 11 U.S.C. §§ 105 and 1127, and for the purposes set forth in Article IX of the Plan, including, without limitation, jurisdiction to enforce all orders entered in the Bankruptcy Case, and to resolve any disputes arising out of the Plan.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

Case 4:07-bk-01578-EWH   Doc 1589   Filed 02/28/08   Entered 02/29/08 09:41:13   Desc
Main Document    Page 10 of 11

23. All Creditors and holders of Equity Interests, and all other persons or entities whose debts, obligations, liabilities, claims, rights, or interests are treated under the Plan and this Confirmation Order are each permanently enjoined and restrained from instituting or continuing any action or employing any process against First Magnus, its Estate, and its Property to collect such debts or to pursue such interests except in a manner consistent with this Confirmation Order and the Plan.

24. Through a posting on the Court's web site, Creditors and parties in interest will receive notice of the entry of this Confirmation Order and notice of the occurrence of the Effective Date, which shall be determined in accordance with § 1.36 of the Plan.

25. If and to the extent there is any direct conflict between the terms of the Plan and the terms of this Order, this Order shall control.

26. ~~The 10-day stay provided for in Bankruptcy Rule 3020(e) is hereby waived.~~

**DATED AND SIGNED ABOVE.**

