**THIS ORDER IS APPROVED.**

Dated: March 18, 2008



_____
**JAMES M. MARLAR
U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST MAGNUS FINANCIAL CORPORATION, | No. 4:07-bk-01578-JMM |
| | **MEMORANDUM DECISION RE:** |
| Debtor. | **MOTION FOR STAY PENDING APPEAL** |

On March 11, 2008, this court heard argument on the motion for stay pending appeal filed by WNS North America, Inc. ("WNS") (Dkt. #1631). The court considered the motion, filed pursuant to FED. R. BANKR. P. 8005, and applied the standards enunciated in *In re Wymer*, 5 B.R. 802 (9th Cir. BAP 1980).

After reviewing the record in this case relative to the confirmation hearing and its aftermath, the court concludes that a stay pending appeal is not merited. In so concluding, the court finds that WNS was required to satisfy each of *Wymer's* applicable four standards, but was unable to satisfy any of them.

The first factor requires a litigant to show a reasonable likelihood of success on the merits of the appeal. Since the confirmed plan, here, was a liquidation plan, this argument essentially boils down to whether the court should instead have converted the case to a chapter 7 and appointed a trustee. WNS, however, presented no affirmative evidence that such an alternative would have been preferable to the liquidation plan favored by the majority of creditors. On the other hand, the Debtor provided evidence that its plan was feasible and both fair and equitable to the

creditor body. Creditors voted in favor of the plan in vast numbers, and even under the various voting tabulations offered by WNS, the Debtor nonetheless always had at least one impaired consenting class voting in favor of the plan. Additionally, the settlements and vote changes, made at the confirmation hearing itself, by various other creditors, contributed to the positive tally in the Debtor's favor.

The court will not restate all of the other reasons discussed for confirming the plan, because those points have been amply stated in both written and oral proceedings before the court. They, too, are part of the complex fabric of analysis which led to the confirmation order. Under all of the circumstances, the court was not persuaded by WNS that its appeal has even a faint chance of success at the appellate level.

The *Wymer* second and third factors deal with a balancing of the harm to the appellant and the other parties to the appeal. Again, the court perceives more harm to the Debtor and the accepting classes than to WNS. Both creditors and the Debtor need to maintain the positive momentum of this case, and continue the liquidation and litigation progress which was set in motion before and since confirmation. This effort to maximize monetary recoveries must not be stalled by an appeal which, in the court's view, has little merit and, based on the evidence (or lack thereof), offers only a pale alternative to the well-conceived plan approved by the court. Delay harms everyone. Delay which sidetracks progress serves no one. Paralysis of progress invites financial disaster to the creditor body. Thus, WNS has failed to convince the court that a stay does not harm the creditors. For these reasons, the court must conclude that WNS has failed to satisfy the second and third *Wymer* factors.

Finally, WNS contends that the public policy is harmed if a stay is not granted, because without a stay, the implementation of the plan could moot out its appeal. Were this minority view adopted, it would effectively require a stay in the event of <u>any</u> appeal, no matter how frivolous. This is not the view in the Ninth Circuit, which has long recognized that the doctrine of mootness applies to bankruptcy issues, and is a staple of both appellate and bankruptcy law. *U. S. Geophysical Corp. of Alaska*, 732 F.2d 693, 698 (9th Cir. 1984) (a claim must be a "live controversy" as to which "effective relief can be granted"). Mootness following plan confirmation

1 depends, not on the failure to obtain a stay pending appeal, but rather on whether the appellate court
2 determines that it can or should grant any effective relief. *See, e.g., In re State Line Hotel, Inc.*, 242
3 Fed. Appx. 460, 461 (9th Cir. 2007) (citing *In re Focus Media, Inc.*, 378 F.3d 916, 922 (9th Cir.
4 2004)); *In re Lowenschuss*, 170 F.3d 923, 933 (9th Cir. 1999) (party's failure to obtain a stay
5 pending appeal of a confirmation order did not moot appeal because the case did not involve
6 transactions so complex or difficult to unwind); *In re Gotcha Int'l, L.P.*, 311 B.R. 250, 255-56 (9th
7 Cir. BAP 2004) (finding appeal "equitably" moot where relief would adversely affect non-parties);
8 *In re Dynamic Brokers, Inc.*, 293 B.R. 489, 494 (9th Cir. BAP 2003) (appeal was not moot because
9 court could "unscramble the eggs"). WNS' argument has not persuaded the court as to *Wymer's*
10 fourth factor.

11    For the foregoing reasons, this court finds and concludes that WNS has failed to
12 satisfy all of the four *Wymer* factors, and is therefore not entitled to a stay pending appeal.

13    A separate order will be entered. FED. R. BANKR. P. 9021.

15    DATED AND SIGNED ABOVE.

