**SIGNED.**

Dated: October 16, 2008



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST MAGNUS FINANCIAL CORPORATION, | No. 4:07-bk-01578-JMM |
| Debtor. | **MEMORANDUM DECISION** |

Before the court is the motion of Dell Marketing, L.P. ("Dell") for administrative expense priority concerning property sold to the Debtor and delivered within the 45-day period preceding the filing of the chapter 11 bankruptcy case on August 21, 2007 (Dkt. #3778).

The facts are that the Debtor ordered, and Dell shipped, products to the Debtor as follows:

- Within 20 days prior to petition date     $94,535.45
  (Declaration of Michael Keller)
- Within 21 and 45 days prior to petition date
  (Declaration of Michael Keller)     79,700.62

                     $174,236.07

Dell promptly and timely made a reclamation demand upon the Debtor, through counsel Sabrina Streusand, on September 7, 2007.

The Debtor never returned any of Dell's product, and instead surrendered it to one of its secured creditors, JPMorgan Chase, N.A., which has disposed of said property and credited sums received against its own obligations due from Debtor. The Debtor benefitted from such surrender of products, subject to reclamation, by having the proceeds reduce its obligation to JPMorgan Chase.

Ms. Streusand's letter effectively created an informal proof of claim under the law, although the figures set forth in her letter were later adjusted. *See In re Edelman*, 237 B.R. 146, 154 (9th Cir. BAP 1999). The total remained constant. Other filings by Dell also put the Debtor on notice of Dell's claims, both substantively and procedurally. Dell's claims were all timely, and the Debtor's efforts to claim other adequate means of notice were ineffective and legally insufficient to bind Dell to any such deadlines claimed by the Debtor.

In addition, Dell filed a timely proof of claim, which, among other things, mentioned an administrative claim under § 503(b)(9).

## LAW

**A.    Product sold to Debtor within 20 days pre-petition**

Dell is entitled to an administrative expense claim of $94,535.45, pursuant to 11 U.S.C. § 503(b)(9). The Debtor failed to rebut, by affidavit or argument, the *prima facie* case made by Dell in its moving papers. FED. R. BANKR. P. 3001(f). Dell's request for administrative expense status for $94,535.45 will be GRANTED.

**B.    Product sold to Debtor between 21 and 45 days pre-petition**

Section 546(c) gives a seller of goods the right to seek reclamation of goods sold to a debtor in the ordinary course of the seller's business and received by the insolvent debtor within 45-days pre-petition. But while Dell had that right, the Debtor did not comply with the demand, and instead turned the goods over to another competing creditor, JPMorgan Chase. Section 546(c) is not a creditor remedy statute, but instead describes limitations on a trustee's (or debtor-in-possession's) <u>avoiding</u> powers under § 544 (strongarm), § 545 (statutory liens), § 547 (preferences)

1 and § 549 (post-petition transfers). *See, e.g., In re Dana Corp.*, 367 B.R. 409, 413-14 (Bankr. S.D. N.Y. 2007). In other words, a trustee is subject to a seller's reclamation rights, and thus has to return the product if the reclamation is timely asserted by the selling creditor.

But § 546(c) does not address what happens if a creditor's demand for reclamation is ignored, or if the reclamation seller does not promptly seek assistance from the court, and thereby forces the debtor to give back the sold product. The statute does not give such a seller/creditor an administrative claim, except to the extent it qualifies for one under § 503(b)(9). 11 U.S.C. § 546(c)(2). If its product is thereafter lost to a senior secured lender, as in this case, by "selling into" the blanket lien of a perfected senior lienholder, or if the Debtor simply ignores the demand, the creditor may lose its rights, as here.

What then, is the creditor left with? The answer is: Only an unsecured claim (or a claim against the secured lender for conversion), unless it can establish a benefit to the estate to qualify as an administrative expense under § 503(b)(1). *See, e.g., In re Pittsburgh-Canfield Corp.*, 309 B.R. 277, 286 (6th Cir. BAP 2004) (reclaiming seller is entitled to a lien or administrative expense to the full extent of the seller's valid reclamation claim under state law); VERNON'S TEX. BUS. & COM. CODE ANN. § 2.702(c) (Thompson Reuters/West 2008) (seller's right to reclaim is subject to rights of a lien creditor).

Here no such benefit has been established by Dell, sufficient to qualify as an administrative expense for the product shipped between 21 and 45 days, pre-petition, and no evidence was presented which would support such a claim. *See In re Abercrombie,* 139 F.3d 755, 757 (9th Cir. 1998) (administrative expense claim must arise from postpetition transaction and directly and substantially benefit the estate).

Accordingly, Dell's request for administrative expense status of $79,700.62 will be DENIED. Its claim for this amount is unsecured.

A separate order will be entered.

DATED AND SIGNED ABOVE.

3

COPIES served upon the following in the manner indicated on the date signed above:

John R. Clemency and Todd A. Burgess
Greenberg Traurig, LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Attorneys for First Magnus Financial Corporation
Attorneys for Liquidating Trustee

Email: clemencyj@gtlaw.com
Email: burgesst@gtlaw.com

James P.S. Leshaw
Greenberg Traurig, PA
1221 Brickell Avenue
Miami, Florida 33131
Attorneys for First Magnus Financial Corporation
Attorneys for Liquidating Trustee

Email: leshawj@gtlaw.com

Brenda K. Martin and James E. Cross
Osborn Maledon, PA
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2794

Email: jcross@omlaw.com
Email: bmartin@omlaw.com

David Wm. Engelman and Bradley D. Pack
Engelman Berger, P.C.
3636 N. Central Ave., Suite 700
Phoenix, AZ 85012
Attorneys for Dell Marketing, L.P.

Email: dwe@engelmanberger.com
Email: bdp@engelmanberger.com

Sabrina L. Streusand
Streusand & Landon, LLP
816 Congress Avenue, Suite 1600
Austin, TX 78701
Attorneys for Dell Marketing, L.P.

Email: streusand@streusandlandon.com

Renee Sandler Shamblin and Elizabeth C. Amorosi
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona 85003-1706

Email: Renee.s.shamblin@usdoj.gov
Email: elizabeth.c.amorosi@usdoj.gov

Michael D. Warner
Warner Stevens, LLP
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102

Email: bankruptcy@warnerstevens.com

Sean P. O'Brien
Gust Rosenfeld, PLC
201 East Washington, #800
Phoenix, Arizona 85004-2327
Attorneys for Official Committee of Unsecured Creditors

Email: spobrien@gustlaw.com

Walter H. Gilbert
Almquist & Gilbert, PC
10245 East Via Linda, #106
Scottsdale, Arizona 85258-5316
Attorneys for Cupertino Capital, LLC

Email: rbird@almquist.com

4

1 | Nancy J. March
  | DeConcini McDonald Yetwin & Lacy PC
2 | 2525 East Broadway Blvd Suite 200
  | Tucson, Arizona 85716-5300                    Email: nmarch@dmyl.com
3 |
4 | By  /s/ M.B. Thompson
  |        Judicial Assistant

