**SIGNED.**

Dated: January 30, 2009

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST MAGNUS FINANCIAL CORPORATION, | No. 4:07-bk-01578-JMM |
| | **MEMORANDUM DECISION RE:** |
| | **PIMA COUNTY'S MOTION TO ALTER** |
| Debtor. | **OR AMEND THE COURT'S RULING** |

On November 26, 2008, this court entered its findings and conclusions in an Amended Memorandum Decision (Dkt. # 4862) on Pima County's Motion for Payment (Dkt. #981). Pima County sought payment of Debtor's 2007 personal property taxes in the amount of $128,865.86, plus statutory interest, from proceeds of sale of the estate's real property valued at $1.6 million. Pima County alleged that it had a valid oversecured claim and lien in the real property pursuant to Arizona law, A.R.S. § 42-17153(C)(1), and 11 U.S.C. § 506(b).

The Liquidating Trustee did not object to payment of $85,910.57 of that amount, which represented the taxes owed for the period of time the estate had possession and use of the property, i.e., the prorated amount owed through August 2007. Thereafter, the personal property had been abandoned and/or surrendered under rejected personal property leases.

This matter presented thorny issues of state and bankruptcy law, including taxation, abandonment, claims allowance, and lien validity. One issue raised by Pima County was whether Debtor had provided sufficient evidence of the disposition of the personal property, whereas the Liquidating Trustee questioned whether the estate was liable for taxes on property it no longer

possessed.

The court determined that sufficient evidence of the disposition of the property had been provided, and that ruling has not been challenged. Regarding the estate's liability for the taxes, the court ultimately agreed with the Liquidating Trustee that the taxes should be prorated, and directed Pima County to submit a form of order based on the prorated amount.

Within ten days of the ruling, instead of filing a proposed form of order, Pima County filed the instant Motion (Dkt. # 4883), in which it provided additional legal analysis and moved the court to reconsider its ruling. Although no judgment has yet been entered on the underlying Motion for Payment, the court will deem this a Motion to Alter or Amend, pursuant to FED. R. BANKR. P. 9023/FED. R. CIV. P. 59(e).[1]

Specifically, Pima County maintains that the court misconstrued the nature of its allowed claim and disregarded a valid lien against Debtor's real property and proceeds, notwithstanding the disposition of the personal property. Furthermore, Pima County objects to proration of the taxes as being unfounded under Arizona law.

The Liquidating Trustee has objected to this new relief (Dkt # 4946). He contends that Pima County did not consider the effects of abandonment or lease rejection, nor did it overcome the presumption that pledged property is taxable to the party in possession, A.R.S. § 42-15060(2), or refute Arizona law that Debtor had no personal liability, A.R.S. § 42-17153(B). He maintains that Debtor was not liable for the taxes following abandonment and/or surrender of the assessed property and, thus, the lien for those taxes was invalid.

Pima County filed a reply (Dkt. #4946).

The court has reviewed its Memorandum Decision, the pleadings, the cases, and the law, and concludes that Pima County's arguments are well taken, for the following reasons:

1. In Arizona, a tax that is levied on personal or real property becomes a lien. The lien attaches on January 1 of the tax year, while the taxes are levied in August of the same year. A.R.S. §§ 42-17151(A), 42-17153(C)(1). On the facts of this case, although Arizona law is not

---

[1] Since this order and the separate order on the Motion for Payment will be entered simultaneously, there will be the same 10-day appeal time. FED. R. BANKR. P. 8002.

crystal clear, on January 1, 2007, the tax claim became an allowed secured claim and lien for the amount of the <u>entire</u> year of taxes. A.R.S. § 42-17153(C)(1). The Arizona statute does not expressly state that the lien is for the entire year's taxes. <u>Compare</u> TEXAS TAX CODE § 32.01(a) (lien attaches on January 1 to secure payment of all taxes "imposed for the year"). Reading the taxation statutes as a whole, however, the court is persuaded that Arizona's taxation scheme operates on an annualized basis by levying taxes for the full year. <u>See, e.g.</u>, A.R.S. §§ 42-11001(16) ("tax year"), 42-17151, 42-17152, 42-17153(C)(1).

  2. On January 1, 2007, the lien attached not only to the personal property but also to the Debtor's real property. A.R.S. § 42-17154(A). Therefore, Pima County had an allowed oversecured claim as of the petition date, pursuant to 11 U.S.C. § 506(b).

  3. Arizona law does not provide any <u>specific</u> means to <u>prorate</u> these taxes, or to escape taxation for the entire year.[2] Rather, the tax is not satisfied until paid, etc. A.R.S. § 42-7153(C)(2). A taxpayer's methods of recourse, generally, appear to be the initiation of an action to recover taxes, to correct a tax error, for an abatement of tax and removal of lien "due to an event or circumstance" that invalidates the lien, or various other appeals, a prerequisite for which may be payment of the taxes. <u>See, e.g.</u>, A.R.S. §§ 42-11004; 42-11005; 42-16001-16258, 42-18351.

  4. Abandonment of the personal property from the estate was not an "event or circumstance" that would invalidate the otherwise valid statutory lien in the real property. Nor is 11 U.S.C. § 502(b)(3)[3] applicable in order to disallow the oversecured lien claim. Moreover, it would not be proper to rely on A.R.S. § 42-17153(B)[4] to determine a lack of liability on the part of

---

[2] There is an exception for property that has been destroyed, or for leased or rented business inventory. <u>See</u> A.R.S. §§ 42-15157, 42-19103. To the contrary, it is a misdemeanor for a person to "knowingly sell or transfer personal property or remove it from its location until the taxes on the property are paid." A.R.S. § 42-19107.

[3] Section 503(b)(3) provides an exception to allowance of a proof of claim, to the extent that--

> if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property . . . .

[4] Section 42-17153(B) provides that personal property tax is also a personal liability of the owner only if the taxpayer owns less than two hundred dollars worth of real estate in the county. <u>But see</u> A.R.S. § 42-19117, which provides that the personal property tax "is a debt

3

Case 4:07-bk-01578-EWH Doc 5129 Filed 01/30/09 Entered 02/02/09 07:27:13 Desc
Main Document Page 3 of 5

the estate in view of the valid lien claim.

5. Although A.R.S. § 42-15060 provides a presumption of the estate's <u>non-ownership</u> for taxation purposes of the property that was abandoned to the secured creditor [or surrendered to the lessors], that provision is ultimately irrelevant because Debtor possessed the personal property when the lien for the entire year's taxes attached to the real property, on January 1, 2007 (and when it was levied, in August, 2007).

6. The lien in the real property has not been avoided pursuant to 11 U.S.C. § 545.

7. The lien on the estate's real property continued to be supported by Pima County's valid oversecured claim and was enforceable in full against the real property and its proceeds. <u>See</u> <u>Davis v. State</u>, 1 Ariz. App. 264, 401 P.2d 749 (Ct. App. 1965) (lien on property gives taxing authority the right to resort to property for payment of the tax debt); A.R.S. § 42-19106(B) (providing that such lien "shall not be discharged until the taxes are paid or the title to the property vests in a purchaser of the property for taxes").

Based on the foregoing, the court will grant Pima County's Motion to Alter or Amend and will vacate in part the court's Amended Memorandum Decision dated November 26, 2008, to the extent that it is inconsistent with this Memorandum Decision.

A separate Order will be entered in accordance with this decision. Another separate Order will be entered simultaneously which grants Pima County's Motion for Payment.

DATED AND SIGNED ABOVE.

---

against the owner to whom the property is assessed and against the owner's successors and assigns."

| | |
|---|---|
| 1 | COPIES to be sent by the Bankruptcy Notification Center ("BN C") to the following: |
| 2 | |
| 3 | German Yusufov<br>Deputy Pima County Attorney |
| 4 | Craig Ganz<br>Attorney for Liquidating Trustee |
| 5 | |
| 6 | John R. Clemency<br>Todd A. Burgess<br>Attorneys for Debtor |
| 7 | |
| 8 | Office of the United States Trustee |