**SIGNED.**



Dated: March 11, 2009

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST MAGNUS FINANCIAL CORPORATION, | No. 4:07-bk-01578-JMM |
| | **MEMORANDUM DECISION** |
| | **(CLAIMS OF SHARON HALL, EDWARD** |
| Debtor. | **GORDON AND MELISSA VALENCIA)** |

On February 10, 2008, this court heard and considered the positions of various parties concerning objection to their claims, which had been filed by the Liquidating Trustee under the confirmed plan of reorganization of this debtor. Sharon Hall appeared in court to present her case. At the conclusion of the hearing, the court took certain objections under advisement, in order to more fully review the law (Dkt. #5159). The matters taken under advisement were:

| Claimant | Claim # | Objection, Response, Reply |
|---|---|---|
| Sharon Hall | 2110 | Docket 4812, 4818, 5140 |
| Edward Gordon | 5117 | Docket 4808, 4858, 5140 |
| Melissa Valencia | 1650 | Docket 4854, 4899, 5140 |

Each claim will be discussed in turn.

## SHARON HALL

Ms. Hall filed a claim for $2,500 claiming priority status under 11 U.S.C. § 507(a)(4)(A). The Liquidating Trustee has agreed that $1,291.67 falls into that priority category, for unpaid wages, but disputes that "unused vacation pay" is entitled to be paid at all. That sum is $1,208.33.

Ms. Hall presented no affirmative evidence, but argued that she was not "terminated," but rather "laid off." Legally, however, there is no distinction between the two terms, as they both mean an action, involuntary on the part of the employee, resulting in an end to employment. *See* BLACK'S LAW DICTIONARY (8th ed. 2004), "layoff" and "termination." The first definition, "layoff," is the termination of employment at the employer's instigation. The second definition, "termination" in the employment context, means the complete severance of an employer-employee relationship.

The evidence presented by the Liquidating Trustee shows that the First Magnus employer handbook only authorized "current employees" to the benefits of accrued vacation and/or sick pay.

Because Ms. Hall was unable to cite an instance wherein another terminated employee received such benefits, she failed to carry the shifted burden of proof as to this part of her claim, once the Liquidating Trustee raised a credible argument that she was not entitled thereto.

Ms. Hall's claim for $1,208.33 for unused vacation will be denied.

## EDWARD GORDON

Mr. Gordon filed a claim for $8,327.98, of which $5,327.98 represents unpaid wages. The balance, or $3,000, remains in dispute, because it is claimed (as in Ms. Hall's case), for unused vacation pay.

For the same reasons as in Ms. Hall's case, this $3,000 claim for unused vacation pay must also be denied.

## **MELISSA VALENCIA**

Ms. Valencia filed a claim for $4,101.50. The Liquidating Trustee acknowledges the priority status of $1,466.25 as unpaid wages. However, he disputes that the difference of $2,635.25, attributable to sick or vacation pay, is compensable at all.

Again, Ms. Valencia's claim must suffer the same fate as Ms. Hall, for exactly the same reasons. Her $2,635.25 claim for sick or vacation pay will also be denied.

## **RULING**

Ms. Hall's claim of priority for $1,208.33 for unused vacation pay will be DENIED.

Mr. Gordon's claim of priority for $3,000 for unused vacation pay will be DENIED.

Ms. Valencia's claim of priority for $2,635.25 for unused sick or vacation pay will be DENIED.

Counsel for the Liquidating Trustee shall submit a form of order consistent with this decision, and serve a copy on Ms. Hall, Mr. Gordon and Ms. Valencia. Any appeal from the orders must be filed within ten days after the orders are signed. FED. R. BANKR. P. 8002.

DATED AND SIGNED ABOVE.

COPIES served upon the following in the manner indicated on the date signed above:

Craig Solomon Ganz  
Greenberg Traurig  
2375 E Camelback Rd  
Phoenix, AZ 85015  
Attorneys for First Magnus Financial Corporation  
Attorneys for Liquidating Trustee          Email: ganzc@gtlaw.com

Sharon Hall  
2000 E. Roger Road, Apt. E49  
Tucson, AZ 85719          U.S. Mail

Edward Gordon  
1 Country Lane  
Hopewell Junction, NY 12533          U.S. Mail

Melissa Valencia  
5165 S Lavender Hills Road  
Tucson, AZ 85746          U.S. Mail

Renee Sandler Shamblin and Elizabeth C. Amorosi  
Office of the U.S. Trustee  
230 North First Avenue, Suite 204          Email: renee.s.shamblin@usdoj.gov  
Phoenix, Arizona 85003-1706          Email: elizabeth.c.amorosi@usdoj.gov

Michael D. Warner  
Warner Stevens, LLP  
301 Commerce Street, Suite 1700  
Fort Worth, Texas 76102          Email: bankruptcy@warnerstevens.com

Séan P. O'Brien  
Gust Rosenfeld, PLC  
201 East Washington, #800  
Phoenix, Arizona 85004-2327          Email: spobrien@gustlaw.com  
Attorneys for Official Committee of Unsecured Creditors

By /s/ M.B. Thompson  
       Judicial Assistant