**SIGNED.**

Dated: April 24, 2009



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST MAGNUS FINANCIAL CORPORATION, | No. 4:07-bk-01578-JMM |
| | **MEMORANDUM DECISION** |
| Debtor. | **ON REMAND (MCA FINANCIAL FEES)** |

Before the court is a remand from the Ninth Circuit's Bankruptcy Appellate Panel (the "BAP") concerning compensation to MCA Financial Group, Ltd. ("MCA") (application at Dkt. #1881 and order at Dkt. #2347). A hearing was held on April 21, 2009, after which the court took the matter under advisement.

Because the parties are familiar with the procedural facts involved, the court will not restate them, except as necessary to explain its decision. In prior proceedings before the bankruptcy court, MCA had requested a fee of $481,192, but the court had only allowed $332,772. At this point in the case, MCA has been paid the allowed sum, but the difference of $148,420 remains in a reserved account subject to the outcome of the remanded issue. When the bankruptcy court determined that MCA could only receive the $332,772 amount, the issue of the remaining $148,420 fee was appealed to the BAP.

The BAP concluded that the court had applied the wrong standard to consideration of MCA's fees, and remanded the matter with the following condition, in fn. 14:

> Of course, the Panel expresses no opinion whether the fees requested by MCA will, after review by the bankruptcy court under the § 330(a) standards, pass muster as "reasonable compensation."

The BAP's statement, however, while helpful on the surface, breaks down in the crucible of reality. Since neither the Debtor, the reorganized Debtor, the U.S. Trustee nor any creditor or interested party ever objected to MCA's fee application, raised a reasonableness issue or appeared on appeal to support the bankruptcy court's orders, the court has no one before it to pick up the remanded issue. All the court can rely on is what it felt that all parties knew at the inception of the case, which was that the court clearly observed that the fees suggested were simply too high for the type of case before it. There is no doubt in the court's mind that any party ever had any doubt as to the court's concerns about what has now become half million dollar administrative expense.

But, by the same token, since no party-in-interest has picked up the gauntlet, the court knows when it is licked.

A court cannot be both an advocate for its own record, as well as an impartial judge. MCA has done all it can, as a professional and with competent counsel, to advance its position. While the court may have other views, those must, in view of this record and the remand by the BAP, subordinate them. Had any party stepped forward to challenge MCA's request on reasonableness grounds, then further hearings could have been conducted.

But, since no objections were filed, and since reasonableness is the standard, this court can come to no other conclusion but that the fees requested are reasonable, and that MCA has ably presented its side of the issue. The court has no record upon which to conclude otherwise.

Were MCA's fees those of an attorney, the court would have an independent basis upon which to evaluate the worth of its services. This is because the court, also a lawyer, would understand what is necessary and reasonable, as a similar professional.

But MCA is a not a law firm. It provides financial services of a type far different from this court's training, expertise and experience. Another similar professional, or expert, could best assist in any inquiry as to MCA's fee request.

While the court has the power to appoint its own expert, *sua sponte*, FED. R. EVID. 706(a), the court feels that such a decision would be counter-productive and very expensive. Indeed, the cost of such an expert would probably exceed the amount at issue, and in the end, the only parties who would suffer would be the estate's lower-tier creditors, who would subsidize the inquiry.

Accordingly, an order will be entered that allows MCA's request for professional fees in the sum of $481,192. To the extent any portion thereof is unpaid, the Debtor and/or Debtor-in-Possession is authorized to pay such remaining fees.

DATED AND SIGNED ABOVE.

| | |
|---|---|
| 1 | COPIES served as indicated below on the date signed above: |
| 2 | |
| 3 | David Wm. Engelman     (dwe@engelmanberger.com)<br>Steven N. Berger     (snb@engelmanberger.com)<br>Bradley D. Pack     (bdp@engelmanberger.com) |

COPIES served as indicated below
on the date signed above:

David Wm. Engelman  (dwe@engelmanberger.com)
Steven N. Berger  (snb@engelmanberger.com)
Bradley D. Pack  (bdp@engelmanberger.com)
Engelman Berger, P.C.
3636 N. Central Ave., Suite 700
Phoenix, AZ 85012
Attorneys for MCA Financial Group, Ltd.

John R. Clemency  (clemencyj@gtlaw.com)
Todd A. Burgess  (burgesst@gtlaw.com)
Greenberg Traurig, LLP
2375 E. Camelback Rd., Suite 700
Phoenix, AZ 85016
Attorneys for Debtor

Séan P. O'Brien  (spobrien@gustlaw.com)
Gust Rosenfeld P.L.C.
201 E. Washington St., Suite 800
Phoenix, AZ 85004-2327
Attorneys for Official Committee of Unsecured Creditors

Michael D. Warner  (mwarner@warnerstevens.com)
Warner Stevens, L.L.P.
301 Commerce St., Suite 1700
Fort Worth, TX 76102
Attorneys for Official Committee of Unsecured Creditors

Renee Sandler Shamblin  (renee.s.shamblin@usdoj.gov)
Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003-1706

By <u>M.B. Thompson</u>
    Judicial Assistant